## YOUNG MEN'S CHRISTIAN ASSOCIATION OF COLUMBUS, OHIO, ET AL. *v.* DAVIS ET AL.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 249. Argued January 11, 1924.—Decided February 18, 1924.

1. The Estate Tax imposed by the Revenue Act of 1918, c. 18, 40 Stat. 1096, is not a succession tax upon the benefits received by devisees and legatees, but an excise or death duty upon the transfer of the decedent's estate. P. 49.

2. In providing that bequests to religious and charitable corporations shall be deducted in determining the value of the net estate upon which the tax is imposed, § 403, (3), the act does not undertake to exempt the recipients of such charitable gifts from the burden of the tax if placed upon them by the will. P. 50.

3. Hence, where the charitable gifts are residuary, and are duly taken into account in ascertaining the net taxable estate and the amount of the tax, the act offers no obstacle to charging the tax, with other costs and expenses, against the gross estate and satisfying specific devises and bequests in full, before the charitable gifts are satisfied. *Id.*

106 Oh. St. 366, affirmed.

CERTIORARI to a judgment of the Supreme Court of Ohio which affirmed a judgment directing an executor to deduct a federal estate tax from the residuary estate, given by the will to the present petitioners, and not from the specific devises and bequests to the respondents.

*Mr. James I. Boulger,* with whom *Mr. Frank Davis, Jr., Mr. Henry A. Williams* and *Mr. Guy W. Mallon* were on the brief, for petitioners.

*Mr. Arthur I. Vorys,* with whom *Mr. James M. Butler* was on the brief, for respondents.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

Mary J. Sessions, a citizen and resident of Columbus, Ohio, died on April 1, 1919, leaving a will executed Sep-

tember 17, 1914, and disposing of a considerable estate. The executor paid a tax of $31,000 to the United States as the so-called " Estate Tax " under the Revenue Act of 1918, enacted February 24, 1919, c. 18, 40 Stat. 1057, 1096.

The question in the case is what effect this payment shall have in the distribution of the estate among the legatees and beneficiaries under the will. After providing that her just debts and funeral expenses be paid and making a number of specific legacies and devises, the testatrix gave the rest, residue and remainder of all her property of every description, including lapsed legacies, to the Young Men's Christian Association of Columbus, the Young Women's Christian Association of Columbus, Ohio, Berea College and the American Missionary Association, to be divided equally among them.

Section 401 of the estate tax law *ubi supra*, imposes " a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 403)" "upon the transfer of the net estate of every decedent dying after the passage of this Act." Then follow the percentages graduated according to value.

Section 403 provides that for the purpose of the tax the value of the net estate shall be determined in the case of a resident of the United States by deducting (1) funeral and administration expenses, claims against the estate, losses from casualties not insured against and amounts which by law of the domicile are required for support of dependents of testator, but not including income taxes or estate, succession, legacy or inheritance taxes, but (2) including property received by decedent by will or descent within five years on which an estate tax was paid, and (3) deducting:

" The amount of all bequests, legacies, devises, or gifts, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for

the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes . . ."

and (4) " an exemption of $50,000."

It is admitted that the corporations mentioned in the residuary clause of the will come within the description of subdivision (3).

The executor deducted from the gross estate the debts, losses and charges and the specific devises and bequests, to find the value of the residuary estate, which, together with the debts, losses and charges, and $50,000, he then deducted from the gross estate to get the value of the net estate by a proper percentage of which the tax was measured and fixed. After paying the tax, he brought an action in the Common Pleas Court of Franklin County, Ohio, asking the direction of the court as to whether the tax should be deducted from the amounts which were about to be distributed to the specific legatees and devisees, or from the residuary estate given to the charitable and educational institutions named. All those taking under the will were made defendants. The Common Pleas Court and the Court of Appeals of Franklin County and the State Supreme Court all held that the tax must be paid out of the residuary estate, and a judgment was entered accordingly. We have brought the case here by certiorari because of the federal question, seasonably made in all the courts by the residuary legatees, that, in the payment of the federal estate tax out of their residuum, they are deprived of a federal right of exemption from the tax intended to be secured to them by subdivision (3) of § 403.

The argument of the petitioners is, that as the tax is expressly made equal to a percentage of the value of the net estate and is imposed upon the transfer of that net estate, Congress can not have intended that the tax

should be paid out of the very gifts which by subdivision (3) are excluded from the net estate. It is further urged that the manifest purpose of Congress was to exempt the beneficiaries under subdivision (3) from tax, and the result of the construction by the Ohio courts is in this case that they are the only ones to pay it. These arguments are persuasive, but they derive much of their strength from the special circumstances of the present case. They are pressed from a different standpoint from that of Congress. What was being imposed here was an excise upon the transfer of an estate upon death of the owner. It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death. *Knowlton* v. *Moore,* 178 U. S. 41, 48, 49.

Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by specific exemption of those gifts but by encouraging testators to make such gifts. Congress was in reality dealing with the testator before his death. It said to him "if you will make such gifts, we'll reduce your death duties and measure them not by your whole estate but by that amount, less what you give." In § 408 it is declared to be the intent and purpose of Congress that as far as it is practicable and unless otherwise directed by the testator, the tax is to be paid out of the estate before distribution.

There is nothing in subdivision (3) of § 403 which exempts the recipients of altruistic gifts from taxation; it only requires a deduction of them in calculating the amount of the estate which is to measure the tax. It exempts the estate from a tax on what is thus deducted just

as subdivision (4) exempts in terms the estate from taxation on its first $50,000; but this does not operate to exempt any legatee who may be entitled to the first $50,000 in the distribution, from deduction to contribute to the tax ultimately imposed, if by the law of the State, such should be its incidence.

It was wholly within the power of the testatrix to exempt her altruistic gifts from payment of the tax by specific direction to her executor, if she chose. It must be presumed when she failed to exercise the power, that she intended the incidence of the tax to be where otherwise by law it must be and therefore, that it was her purpose that her residuary legatees were to receive all that was left after paying all charges, including this tax, out of her estate. The donees of the altruistic gifts profit much by the deduction made under subdivision (3) even though they do receive less by the amount of this tax. Had subdivision (3) not been in the statute, the tax would have been much heavier, measured by a higher percentage of the value of the whole estate including their gifts. It is hardly true to say that under the judgment of Ohio courts these residuary gifts are taxed. The gifts are and were intended by the testator to be indefinite in amount and to be what was left after paying funeral expenses, attorneys fees, executor's compensation, debts of the decedent and taxes. These donees do not pay the taxes any more than they pay the funeral expenses, the lawyers, the executors and the testator's debts.

*Judgment affirmed.*