EDWARDS, FORMERLY COLLECTOR OF INTER-
NAL REVENUE FOR THE SECOND DISTRICT
OF NEW YORK, *v.* SLOCUM ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

No. 276. Argued January 10, 1924.—Decided February 18, 1924.

In assessing the "Estate Tax" under the "Revenue Act of 1918,"
40 Stat. c. 18, Title IV, charitable bequests which are deductible
from the gross estate in fixing the net taxable estate should be de-
ducted without any dim.nution on account of the tax itself, even
though, being residuary, they will ultimately bear the tax burden.
P. 62. Cf. *Young Men's Christian Assn.* v. *Davis, ante,* 47.

287 Fed. 651, affirmed.

CERTIORARI to a judgment of the Circuit Court of
Appeals affirming a judgment of the District Court for
the plaintiffs in their action to recover from the Collector
the amount of a tax paid under protest.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney
General, with whom *Mr. Solicitor General Beck* was on
the brief, for petitioner.

*Mr. Robert Thorne* for respondents.

*Mr. Harlan F. Stone* and *Mr. Edward H. Green,* by
leave of Court, filed a brief on behalf of the Executors of
the Estate of Joseph R. DeLamar, as *amici curiae.*

MR. JUSTICE HOLMES delivered the opinion of the
Court.

This is a suit brought by the respondents, executors
of the will of Mrs. Sage, to recover the amount of a tax
paid under protest. The tax was levied under the Act
of February 24, 1919, c. 18, § 400; 40 Stat. 1057, 1096,

which imposes upon "the transfer of the net estate of every decedent dying after the passage of this Act " taxes equal to specified percentages of the net estate determined as provided in § 403. Mrs. Sage left an estate of $49,-129,256.99. She bequeathed specified sums amounting to $1,285,000 for charitable purposes, $8,618,079.55 for purposes other than charitable, and the residue to charitable and educational institutions named. It is admitted that in estimating the tax now in question there is to be deducted from the gross estate the sum of $3,789,321.74 for debts and expenses and the charitable gifts of $1,285,000. These with the gifts to individuals above stated would leave a residue of $35,436,855.70, which the executors contend is exempt by the statute. Adding to the sums admitted to be exempt the residue thus arrived at and the statutory exemption of $50,000, the amount for which exemption is claimed will be $40,561,177.44, leaving a taxable remainder of $8,568,079.55. The Government required the payment of an additional sum reached by deducting from the exempted estate the amount of the tax to be paid, or in other words, adding the amount of the tax to the taxable estate. The suit is to recover this additional sum. The executors prevailed in the District Court and Circuit Court of Appeals after a discussion with which the Government well might have remained satisfied. 287 Fed. 651.

The Government's argument turns largely upon the consideration that a residue is only what is left after the payment of paramount claims. But this is not a tax upon a residue, it is a tax upon a transfer of his net estate by a decedent, a distinction marked by the words that we have quoted from the statute, and previously commented upon at length in *Knowlton* v. *Moore*, 178 U. S. 41, 49, 77. It comes into existence before and is independent of the receipt of the property by the legatee. It taxes, as Hanson, Death Duties, puts it in a passage

cited in 178 U. S. 49, "not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death." It levies a sum equal to a certain percentage of the value of the net estate, and provides the criteria by which the net estate shall be ascertained. It thus manifestly assumes that the net estate will be ascertained before the tax is computed. The Government offers an algebraic formula by which it would solve the problems raised by two mutually dependent indeterminates. It fairly might be answered, as said by the Circuit Court of Appeals, that "algebraic formulae are not lightly to be imputed to legislators," but it appears to us that the structure of the statute is sufficient to exclude the imputation. As further remarked below, the theory departs from the long established practice of the law not to regard the incidence of a tax in the levying of a tax, and the position of the Government is contrary to the expressed intent of the statute to encourage charitable bequests. It is inconsistent with itself also in maintaining that while the distribution of the burden of taxation among the several beneficiaries is a matter of state regulation, the residue is not to be diminished by the state inheritance tax but only by the estate tax of the United States.

*Judgment affirmed.*

The CHIEF JUSTICE took no part in the decision of this case.