Campbell, Chief Justice,
delivered the opinion of the court:
This suit is to recover certain taxes collected as an estate tax under the construction given sections 401 and 402 of the revenue act of 1918, 40 Stat. 1057, by the Commissioner of Internal Eevenue. The agreed facts show that the value of the gross estate for the purposes of the tax was ascertained by including the value of certain property which Mrs. Jordan transferred in October, 1908, to trustees to be administered under the terms of her husband’s will, he having died a few months prior to this conveyance or transfer. The hus *444 band’s will devised and bequeathed property to trustees in trust “ for and during the minority of ” the testator’s granddaughter, with authority in the trustees to manage the estate and apply its net income and profits during the continuance of the trust as follows: One-half thereof to the use of the testator’s wife, Mary E. Jordan, and one-fourth to each his son and daughter. The trust was to cease when the granddaughter should attain her majority, and upon that event the residuary estate was devised and bequeathed to the wife, Mary E. Jordan, for life, with remainder at her death to the son and daughter of the testator. The granddaughter attained her majority in August, 1916, and at that time the trust terminated, the widow, Mary E. Jordan, being vested with the life estate in accordance with the terms of the will. We are not concerned with the value of this life estate in property acquired under the husband’s will, but with her estate in property which had been the subject of her transfer in 1908. Manifestly the wife’s life estate in the property belonging to the husband’s estate would cease with her death and her estate would not be taxable on the value of the gross estate passing to the remainderman. But is her estate taxable because of her transfer in 1908 of certain property owned by her in her own right which was transferred to active trustees to be managed under the trusts specified in her husband’s will ? The tax imposed by section 401 of the revenue act of 1918, 40 Stat. 1057, is upon “ the transfer of the net estate of every decedent ” dying after the passage of the act. Section 402 prescribes the method of ascertaining this net estate and requires the inclusion in the value of the gross estate of all property “ (c) to the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust in contemplation of or intended to take effect in possession or enjoyment at or after his death.” . The tax is made applicable whether such transfer or trust is made before or after the passage of the act. In terms, it is laid upon the transfer of the net estate.
It is imposed upon the interest which ceases by reason of the death. Edwards v. Slocum., 264 U. S. 61; Y. M. C. A. v. Davis, 264 U. S. 47, 50. To be taxable the transfer must *445 have been made, or the trust created, in contemplation of or intended to take effect in possession or enjoyment at or after the decedent’s death. Mrs. Jordan owned the property in her own right and had and was entitled to have its possession and enjoyment. She transferred it to trustees irrevocably upon defined trusts. When that transfer became effective she ceased to be the owner of the property in her own right, she gave up its possession, and instead of being entitled to its use and enjoyment she directed that the trustees pay her one-half of its income and profits and pay two other persons the other half. So far as that feature of the trust was concerned, it can not be said to be a transfer or trust intended to take effect after her death. It took effect presently, and the right of these two other persons to one-half of its net income was absolute. When the granddaughter attained her majority the trusts declared in the will terminated, and from that time on Mrs. Jordan had a life estate in the residuary estate of the husband; and at the same time the interest of Mrs. Jordan in the property she had conveyed in 1908 was transmuted by the berms of the trusts declared in the will into a life estate with remainder to the children. On the other h^nd, if Mrs. Jordan had died before the granddaughter attained her majority her interest in the estate conveyed by her in 1908 would have gone to the two children at the termination of the trust established by the will. We think that the conveyance of 1908 does not come within the terms of the taxing statute and therefore that the plaintiff should recover. And it is so ordered.
GRAham, Judge; Hat, Judge; and Booth, Judge, concur.