Common Pleas Court of Franklin County.

ALLEN ET AL., EXECUTORS, ETC., V. MILLER.

Decided, December 14, 1927.

*Messrs. James A. Allen* and *James N. Linton,* for plaintiff.

*Mr. L. C. Stillwell,* for defendant.

ROGERS, J.

The real estate of James Ross, deceased, has been sold to pay his debts, and his widow, now Ruby Miller, having elected to take at law and not under decedent's will, consented to the sale of her dower and elected to take the value thereof in money. The value of her dower has been determined in said proceeds, and is in part in the executors' hands, who are in doubt as to whether the federal estate tax should be in part, and if so, what part, charged against these proceeds, and deducted therefrom, or whether the whole should be paid the widow free of such tax. Accordingly, the executors request the opinion and order of the court in that behalf.

The particular sections of the federal estate tax law are Sections 401-403 (Comp. Stat. Sections 6336-b and 6336-d Fed. Stat. Anno. Supp. 1919, pp. 130-132). The Act provides, in substance, that the estate tax shall be "imposed upon the transfer of the net estate of every decedent dying after the passage of the act." Section 402 provides for the ascertainment of the gross estate, and provides it shall include the interest of the decedent to the extent "of any interest therein of the surviving spouse existing at the time of the decedent's death as dower," etc. Section 403 provides for the method of ascertaining the net estate by deducting from the gross estate funeral and administration expenses, claims against the estate, losses from casualties

not insured against, and amounts required for support of dependants of the estate. There is also an exemption of $50,000.

The Federal .statute contemplates that the estate tax shall be paid out of the estate of the decedent as a whole, including the dower, and it is immaterial to the United States Government as to how the state, under its laws, provides for its payment or its apportionment. The United States is not concerned who shall ultimately bear the weight of the tax. The distribution of the burden of the tax among the beneficiaries is a matter of state regulation. *Edwards* v. *Slocum*, 287 Fed. 651; affirmed 264 U. S. 61.

We must therefore look to the laws and policy of our state to determine the extent of the widow's dower, and as between the widow and the heir or devisee how the tax shall be paid, whether out of the entire estate, including the dower, or out of the distributive share going to the heir or devisee.

Our statute declares, among other things, that a widow shall be endowed of an estate for life in one-third of all the real property of which the deceased was seized of an estate of inheritance at any time during marriage. (Section 8606, General Code). Aside from conditions which bar the dower, there are no exceptions or conditions attached to this declaration in any way limiting the full force of the statute as to dower. The declaration that the widow shall be endowed of one-third of "all the real property of which the deceased was seized as an estate of inheritance during marriage," is without qualification, and the statute in no wise incumbers the dower with any liens or expenditures of administration or other claims against the estate. In fact, the law imposes the duty upon the personal representative of the deceased primarily to pay the taxes out of the personalty, and, if not sufficient, then out of the realty, but no where does it expressly place the burden of any taxes on the dower.

Dower is a favorite of the law and has been such from its early history. (*Underground Elec. Co.* v. *Owsley*, 196 Fed. 278). It is inchoate on the marriage, and is consummate on the death of the spouse who is the holder of the estate of inheritance. Dower is so favored that the law will not permit deductions therefrom unless the statute so declares.

It must be borne in mind that this inquiry does not involve the right of the state to impose or collect taxes laid upon the estate of inheritance of the owner, and, if necessary, to consume the dower, either contingent or complete, in order to make such taxes. This is a sovereign power of the state, to which its citizens must yield under the power of taxation. The question here is purely one between the widow and heir or devisee. Furthermore, as between the widow and her devisee, taxes as against the widow's dower do not attach, speaking generally, until the same is assigned to her. See on this general subject 19 Cor. Juris, Dower, Sec. 419, and cases. I find no statute in Ohio taxing dower before its assignment. In New York, however, where the dower statute is substantially the same as the Ohio statute, it is held in *Underground Electric Co.* v. *Owsley, supra,* that the widow is not chargeable with any part of the unpaid taxes assessed against the land during the husband's life, or after his death, but before assignment of dower. The excise tax in question attached on the husband's land and estate at his death, and before dower was assigned. I see no difference between state and federal taxes in this regard. They both attach to the land, including the dower, but are not, as between the heir or devisee and widow, payable by the latter, in the absence of an express statute to that effect.

The Federal act charges the land of the decedent, including the right of dower, but makes no provision for the payment of any portion of such tax out of the dower. In that regard, it is the same as the state statutes with respect to taxes as against the lands of decedent, subject to dower. As between the heir and devisee and the widow, it is payable by decedent's representative, first out of the personalty, and thereafter out of the realty, and charged against the heir or devisee, and not against the widow. See further as to what taxes are payable by the doweress and charged against her dower, 9 Rul. Cas. Law, Dower, Sec. 35, note 15; also 40 L. R. A., (N.S.), 609 and note.

There is no difference between the dower and the proceeds thereof taken by election of the widow in money. The one is dower and the other is its money value. If the dower is measured free of taxes, money in lieu of dower is paid free of taxes.

I find nothing in Ohio to aid me in the case, and have

been obliged to resort to the general rules of law with respect to dower, in decisions elsewhere on that subject. The conclusion reached in *Thompson* v. *Union & M. Trust Co.*, 164 Ark., 411; 37 Am. Law Rep. Ann., 536, is the same as in the instant case, although in that case the dower consisted of personalty instead of real estate.

Accordingly, the court is of opinion that the excise tax in question should be paid by the executors out of the distributive share of the devisee, and not from the proceeds of the dower, and that the said proceeds should be paid to the widow without any deduction therefrom on account of said tax, and it is so ordered.