John Aspinwall Hadden, Jr., and Alexander Torrance, Executors, Estate of Marie Torrance Hadden, Petitioners, v. Commissioner of Internal Revenue, Respondent.

Docket No. 9421.   Promulgated February 14, 1928.

*James Lloyd Erby*, *Esq.*, for the petitioners.
*R. E. Copes*, *Esq.*, for the respondent.

## OPINION.

Trussell: The errors made, in the computation of estate tax, as to the correct amount of executors' fees to be deducted from the gross estate and as to the value of an additional property to be included in the gross estate, should be corrected in accordance with the facts stipulated by counsel and set forth in the findings of fact.

We have presented for determination the question of whether the respondent has adopted a correct and lawful method for computing the value of that portion of decedent's residuary estate bequeathed to charity and deductible from the gross estate in determining the

net taxable estate. The bequests in question are admittedly charitable deductions within the meaning of section 403 (a) (3) of the Act of 1921, and the sole issue is whether the amount of the charitable bequests to be deducted from the gross estate should be diminished by State inheritance or transfer taxes.

The respondent's theory is that the residue of the estate is only what is left after the payment of paramount claims and charges against the estate, including State inheritance or transfer taxes, and that the residuum must be so determined in order to measure the value of the charitable bequests to be deducted, or in other words, that estate taxes are a charge against the estate and that the amount of the deduction to be allowed is the amount to be received by the charitable beneficiaries. The respondent's theory is not well founded. In the case of *New York Trust Co.* v. *Eisner*, 256 U. S. 345, 350, where the executors of the estate brought suit to recover the estate tax paid under the Revenue Act of 1916, on the ground that the Commissioner erroneously disallowed a deduction of State inheritance and succession taxes as charges within the meaning of section 203, the Supreme Court said and so held:

"Charges against the estate," as pointed out by the Court below are only charges that affect the estate as a whole, and therefore do not include taxes on the right of individual beneficiaries. This reasoning excludes not only the New York succession tax but those paid to other States, which can stand no better than that paid in New York.

Furthermore, the Federal estate tax here in question is not upon what the beneficiaries may receive, but is by the very provisions of the Act under which it is levied, a tax upon the transfer of the net estate of the decedent.

The respondent cites the case of *Young Men's Christian Association* v. *Davis*, 264 U. S. 247, in which case the executor deducted from the gross estate, debts, losses and charges, specific bequests and devises to determine the value of the residuary estate, which was given entirely to charity. He then deducted from the gross estate the residue so determined, together with $50,000 exemption, debts, losses, and charges, to determine the value of the net taxable estate, and paid a tax of $31,000. The question involved was, the effect the payment of the tax would have in the distribution of the estate among the legatees and beneficiaries under the will and whether the tax should be taken out of the residuary estate. The court held that the tax must be paid out of the residuary estate in the absence of any different provision in the will. Clearly this case and other similar cases cited by respondent are not in point with the issue in the case at bar.

The taxes in question have been levied under the Revenue Act of 1921, section 401, which imposes upon "the transfer of the net estate of every decedent dying after the passage of this Act," a tax equal to specified percentages of the value of the net estate determined as provided in section 403 which provides:

SEC. 403. That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except, in the case of a resident decedent, where such property is not situated in the United States), losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, *but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes* [Italics ours];

(2) An amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent * * * *Provided*, * * * estate tax * * * was paid by or on behalf of the estate of such prior decedent, * * *

(3) The amount of all bequests, legacies, devices, or transfers, except bona fide sales for a fair consideration in money or money's worth, in contemplation of or intended to take effect in possession or enjoyment at or after the decedent's death, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, nor to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in case of the estates of all decedents who have died since December 31, 1917; and

(4) An exemption of $50,000; * * *

The above quoted section of the Act is clear and unequivocal in providing that in determining the value of the net taxable estate there shall be deducted certain specific charges against the estate, but prohibits the deduction of "any estate, succession, legacy, or inheritance taxes." It is clear that for the purposes of the Federal estate tax Congress intended that State inheritance or transfer taxes should not be taken into consideration. In *Howard K. Walter, et al., Executors*, 2 B. T. A. 453, the Board used the following language:

The taxes of both the State and Federal Government depend upon the respective laws of each, and are not affected by the laws of the other. The power of Congress in levying taxes is not necessarily or naturally inconsistent with that of the States. Each may lay a tax on the same property without interfering with the action of the other.

The Federal estate tax is levied upon the right of transfer and is measured by the value of the net estate of decedent as it existed at the moment of his death and the Federal Government is not concerned with the amounts received by the beneficiaries nor with the fact that such amounts may be reduced by State taxes levied upon the property or the value thereof. The Act under consideration provides that the amounts of legacies and devises to charity shall be deducted from the gross estate in determining the net taxable estate and there is no provision for any diminution of such allowable deduction. As pointed out above, the Federal Government is not concerned with the amounts received by beneficiaries, but only with the value of the gross estate and the amount of allowable deductions specifically provided for, among which are the charitable deductions which must be taken in the full amount bequeathed or devised. It is that full amount given to charity which must be deducted irrespective of any diminution by State inheritance taxes which are not a charge against the estate and with which the Federal Government is not concerned.

The Commissioner may not reduce the net taxable estate by the amount of State inheritance taxes, and if he be allowed to reduce a specific allowable deduction by such taxes, he is thereby increasing the net taxable estate by the amount of such State taxes.

It might also be well to point out that the Board has heretofore held that in computing the Federal income tax of estates, New York inheritance or transfer taxes are deductible from the gross income, and also that the same holds true as to such taxes in States having transfer or inheritance tax statutes similar to that of New York. See *Frank E. Norton, et al., Executors*, 9 B. T. A. 450, and *Oliver Prescott, et al., Executors*, 8 B. T. A. 582. In the instant case, if the course indicated has been followed, the amounts of these State inheritance and transfer taxes have already been used to decrease the value of the interest of the life tenants and can therefore have no reflected influence upon the remaining residuary estate.

In the case of *Edwards* v. *Slocum*, 264 U. S. 61, the facts were, briefly, that decedent bequeathed her residuary estate to charitable and educational institutions and the Commissioner in computing the Federal estate tax, diminished the amount of the charitable deduction, i. e., the residuary estate, by the amount of the Federal estate taxes to be paid. The Commissioner's argument was that the residue is equal to what is left after the payment of paramount claims.

The Supreme Court held that in assessing estate taxes under the Revenue Act of 1918 charitable bequests which are deductible from the gross estate in fixing the net taxable estate should be deducted without any diminution on account of the tax itself, even though being residuary, they will ultimately bear the tax burden. While this decision is not an authority under which the case at bar may be decided, it is cited as showing that the intent of Congress is that the amount actually received by charitable legatees is not determinative of the amount of the allowable deduction.

In the case of *Union & New Haven Trust Co.*, v. *Eaton*, 20 Fed. (2d) 419, the court said:

The other question in the case involves the overpayment of $842.58, arrived at by the action of the department in deducting approximately $21,000 from the total amount of exemptions. This sum comprises the various inheritance tax levies made by different states upon the various charitable bequests made by the testatrix. The government took the position that these sums were not part of the sums actually received by the beneficiaries, and that they are therefore properly taxable. This position opposes that taken by the Supreme Court of the United States in *Edwards* v. *Slocum*, 264 U. S. 61, 44 S. Ct., 293, 68 L. Ed. 564, and cannot be sustained.

In *Minnie L. Jackson*, 3 B. T. A. 832, the Board held that a certain charitable bequest should be deducted from the gross estate without reducing the value of the said bequest by the amount of the Pennsylvania inheritance tax thereon.

We are of the opinion that the charitable bequests which are deductible from the gross estate in fixing the net taxable estate should be deducted without diminution on account of State inheritance or transfer taxes. In determining the amount of the charitable bequests to be deducted from the gross estate the Commissioner may not reduce the residuary estate by the sum of $40,439.43 paid by the estate for State inheritance or transfer taxes.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, pursuant to Rule 50.*

PHILLIPS concurs in the result.

STERNHAGEN, ARUNDELL, and MURDOCK dissent.