## CLARK v. UNITED STATES.

District Court, D. Massachusetts. July 31, 1928.

No. 3236.

Internal revenue ⊂⇒8(14)—To determine net estate for estate tax, whole fund given charity is deducted, though will directs payment therefrom of inheritance taxes (Revenue Act 1921, § 403 [Comp. St. § 6336¾d]).

In determining, under Revenue Act 1921, § 403 (Comp. St. § 6336¾d), the net estate of testator, on the transfer of which is imposed the estate tax, the whole fund given to charity is to be deducted from the gross estate, though the will expressly makes half of the inheritance taxes payable from the charity fund.

At law. Action by B. Preston Clark, executor, against the United States. Judgment for plaintiff.

Alexander Lincoln, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. M. Leinenkugel, Sp. Asst. U. S. Atty., both of Boston, Mass., and C. M. Charest, General Counsel, Bureau of Internal Revenue and J. D. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the United States.

MORTON, District Judge. The provisions of Revenue Act 1921, § 403 (Comp. St. § 6336¾d), under which this case arises, are substantially the same as those of the act of 1918 (Comp. St. § 6336¾d), under which Edwards v. Slocum, 264 U. S. 61, 44 S. Ct. 293, 68 L. Ed. 564, was decided. And the essential question is how far this case is governed by that decision. In Edwards v. Slocum the testatrix made certain personal legacies and certain specific bequests to charity. As to some of the legacies she provided that they should be paid free of inheritance taxes. She gave the rest and residue to charity. The will contained no other provisions regarding the payment of inheritance taxes. By the law of New York, the state of domicile, they were under such circumstances payable from the rest and residue. The collector contended that so much of the rest and residue as was required to pay the federal inheritance taxes was not given to charity, and was not therefore an allowable exemption in computing the taxable estate. It was held that this was not the correct view, and that the entire rest and residue was exempt, even though part of it might be required and used to pay taxes.

In the present case the testator gave a certain fund to charity and certain other funds and property to individuals, and he expressly directed that inheritance taxes should be paid in equal portions from the fund given to charity and from the funds not so given. Apparently the amount of the tax was about $60,000, for about $30,000 appears to have been payable from the gift to charity. The Commissioner held that this amount was not given to charity, and he accordingly allowed an exemption, not of the whole charity fund, but only of that fund less the $30,000 used to pay the tax. Upon this $30,000 the additional tax in question was levied.

The government undertakes to distinguish Edwards v. Slocum, because there the will contained no express provision charging the taxes on the residuary gift to charity, that result being brought about by operation of law, while here the will itself makes one-half the taxes chargeable on the charity fund. This position is said to be supported by a dictum of Judge A. N. Hand, who decided Edwards v. Slocum in the lower court. In Edwards v. Slocum, the court was plainly of opinion that the incidence of the tax should not be considered in the levying of it. "It [the statute] manifestly assumes that the net estate will be ascertained *before the tax is computed.*" (Italics mine.) Holmes, J.,

264 U. S. at page 63 (44 S. Ct. 293). "As further remarked below, the [government's] theory departs from the long-established practice of the law not to regard the incidence of a tax in the levying of a tax." 264 U. S. 63, 44 S. Ct. 293.

These principles seem to me to have been disregarded in the assessment of this additional tax. Here, as in Edwards v. Slocum, in order to compute the exemption accurately according to the government's contention, an algebraic formula would have to be used, involving as there pointed out "two mutually dependent indeterminates" (264 U. S. 63 [44 S. Ct. 293])—a construction of the statute which was rejected both by the Circuit Court of Appeals (287 F. 651) and by the Supreme Court. It is quite true, as argued, that a slight change in the wording of the will would make the amount of the tax not exempt; but we are dealing with the will as it stands. In Y. M. C. A. v. Davis, 264 U. S. 47, 44 S. Ct. 291, 68 L. Ed. 558, the tax appears to have been assessed on the principle for which the plaintiff contends. In the Revenue Act of 1924 the corresponding section was changed in line with the government's contention, a slight indication, perhaps, that as it previously stood the section was not understood by Congress to have that meaning. Revenue Act 1924, § 303 (a) 3 (26 USCA § 1095 [a, 3]; Comp. St. § 6336⅖c [a, 3]).

Judgment for plaintiff.