## KNOERNSCHILD et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6443.

Circuit Court of Appeals, Seventh Circuit.

May 28, 1938.

now in the Sisterhood and who is known by the name of Sister Mary Virginita, shall be paid, under her death, to the Holy Angels Academy of the City of Milwaukee, or if deemed advisable by my executors and trustees may be paid before her death to the Holy Angels Academy, but it shall be the privilege of my daughter Marie to direct said trustees to pay from said fund any part of the income or principal as my daughter may in her judgment see fit for the purpose of providing for her mother or any of her brothers or sisters in case they are in need of financial assistance."

Each of five other children of the decedent, aged between 37 and 45 years, received under the will, property aggregating $123,818.35. The share involved in paragraph (5) above is the same. In addition each child received $9391.06 as beneficiary under policies of life insurance held by the deceased. The parties agree that the deduction, if properly allowable is $114,923.48. The Holy Angels Academy is a Catholic religious and educational institution, gifts to which are exempt from estate tax under the law.

This tax is imposed upon the transfer of property by a decedent; it applies to the act of transmission, not to the receipt of property by legatees. Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647. The law is the expression of an intent of Congress to promote gifts for altruistic objects by encouraging testators to make them. Congress, by virtue of the act, virtually said to the testator, if you will make such gifts, we shall reduce your death duties and measure them not by your whole estate but by that amount, less what you give to charity. Young Men's Christian Ass'n v. Davis, 264 U.S. 47, 44 S.Ct. 291, 68 L.Ed. 558. Consequently, any gift, in order to be exempt, must be one which is final, absolute, unconditional and irrevocable.

The language in the will under consideration expressly extends to the daughter Marie "the privilege" * * * "to direct the trustees to pay from the fund any part of the income or principal" as the daughter may "in her judgment see fit, for the purpose of providing for her mother. or any of her brothers or sisters, in case they are in need of financial assistance." There is no limitation upon the discretion thus granted to the daughter to divert the income, principal, or

Ernst von Briesen, of Milwaukee, Wis., for petitioners.

James W. Morris, Asst. Atty. Gen., and J. Louis Monarch and Edward M. English, Sp. Assts. to Atty. Gen., for respondent.

Before SPARKS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The only question here presented is whether a certain devise in the will of Charles Knoernschild, deceased, is of charitable character, exempt under the Revenue Act of 1926, § 303(a) (3), U.S. C. Title 26, section 412(d). The language involved is as follows: "The share which would go to my daughter Marie, who is

both, from charitable purposes to uses entirely private in character, except that the diversion must provide "financial assistance." The term is a broad one. It might include a vast sum to retire a mortgage bond issue in default, in order to prevent foreclosure. It might include substantial sums to one or more beneficiaries who had become financially involved, for the purpose of preventing bankruptcy. It would include any untold number of possible necessities for financial aid such as loss by speculation, gambling, unwise investment, loss by fire and water or other elements. In other words, the right extended to her to divert any or all of the funds to the financial aid of a number of other persons is so wide and so broad as to make possible the entire destruction of the corpus of the estate passing to the Academy. The gift is conditional, revocable and not final and conclusive in its terms.

In Mississippi Valley Trust Co. v. Commissioner, 8 Cir., 72 F.2d 197, certiorari denied 293 U.S. 604, 55 S.Ct. 119, 79 L.Ed. 695, the court pointed out that the provision by the testator must be one definite in ascertainment and legally enforceable; that it must possess the qualities of definite command which will define the legal rights of all parties to the property intended to be affected. In that case a deduction was sought for sums paid to an educational institution by the sons of the decedent under what had been adjudicated by the probate court to be a power of appointment, without mandatory requirement of the sons to make the transfer to the institution. The court concluded that there was no mandatory requirement that anything should pass; that the most that could be said was that the two sons were permitted to give or not to give any or all of the estate to such charities as they might determine. There was an entire uncertainty at the time of the death of the testator as to whether there would be in the end any charitable donations, and in view of such uncertainty and the lack of mandatory direction, the provision was insufficient to create a transfer exempt. See, also, Ithaca Trust Co. v. United States, supra; Edwards v. Slocum, 264 U.S. 61, 44 S.Ct. 293, 68 L. Ed. 564; Humes v. United States, 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667.

Cases relied upon by the petitioners involved estates of such size and bequests so framed that the court was impelled to hold that there was certainty in the devise and that the discretion was such as not to disturb substantially the character of the gift.

Inasmuch as the decedent made no absolute bequest to the Academy but rather gave to it the corpus of the estate with the provision that the fund might be entirely diverted, the character from which exemption emanates was non-existent. The decision of the Board is affirmed.