*Decisions will be entered under Rule 50.*

CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, EXECUTOR OF THE LAST WILL AND TESTAMENT OF FRED B. JONES, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87203. Promulgated July 29, 1938.

*Harry Thom, Esq.*, for the petitioner.
*R. F. Staubly, Esq.*, for the respondent.

222

KERN: Petitioner's testator, by his will, made numerous bequests to corporations operated exclusively for religious, charitable, scientific, literary, or educational purposes within the meaning of section 303 (a) (3) of the Revenue Act of 1926, set out in the margin.[1] The testator died in 1933 and his will was admitted to probate in the Probate Court of Cook County, Illinois. Thereafter, certain heirs at law of the testator, who were not beneficiaries under his will, filed a complaint in the Circuit Court of Cook County, Illinois, contesting the validity of his will. In 1936 the beneficiaries under the will effected a compromise with the contestants of the will, whereby they agreed to pay the contestants the sum of $75,000, to which sum the beneficiaries contributed ratably in proportion to their legacies, including the trustee to whom testator had bequeathed the

---

[1] SEC. 303. For the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
* * * * * * *
(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals. The amount of the deduction under this paragraph for any transfer shall not exceed the value of the transferred property required to be included in the gross estate; * * *

residue of his estate under a charitable trust, and whereby the contestants released all claims against the estate or the assets thereof. This compromise agreement was approved by the Circuit Court of Cook County in a consent decree which found that there was no equity in contestants' complaint and that the will contested was the last will and testament of the testator and confirmed its probate. It is conceded that the estate of testator is entitled to deduction pursuant to section 303 (a) (3) of the Revenue Act of 1926, *supra*, in the amount of the bequests to the charitable and educational legatees, but it is contended by respondent that the amount of such deductions should be reduced by the sum of $75,000 which was contributed by the charitable and educational beneficiaries and was ultimately paid to and enjoyed by certain of testator's heirs at law as to whom no such deduction would be allowable.

In our opinion, this contention is without merit.

The rights of a beneficiary under a will are property rights and a determination of them by a state court of competent jurisdiction is decisive as to their extent and character. *Freuler* v. *Helvering*, 291 U. S. 35; *Blair* v. *Commissioner*, 300 U. S. 5.

Whether property is received by way of inheritance or otherwise depends upon the law of the jurisdiction under which the taxpayer receives it. *Uterhart* v. *United States*, 240 U. S. 598; *Lyeth* v. *Hoey*, 96 Fed. (2d) 14 (C. C. A., 2d Cir., Apr. 11, 1938).

Under the law of Illinois, an agreement of compromise such as was involved in the instant case does not constitute a modification of the will, the payments incident to the compromise being considered as made and received pursuant to the agreement and not under the will or the intestate laws of the state. *People* v. *Union Trust Co.*, 255 Ill. 168; 99 N. E. 377; *People* v. *Upson*, 338 Ill. 145; 170 N. E. 276.

The contestants in the instant case, the heirs at law of petitioner's testator, did not receive the payments to them in compromise of their claims against the estate as a bequest or inheritance, but by purchase from those who acquired title under the allowed will. Their rights were contractual and not testamentary. *Lyeth* v. *Hoey*, *supra; Bernard O. Kearney*, 31 B. T. A. 935. The case of *Magruder* v. *Segebade*, 94 Fed. (2d) 177 (C. C. A., 4th Cir., Jan. 4, 1938), cited by respondent, does not persuade us to the contrary. The court in that case considered this question but cited as the sole authority for its conclusion the case of *Lyeth* v. *Hoey*, 20 Fed. Supp. 619, the decision in which was later reversed by the Circuit Court of Appeals for the Second Circuit in *Lyeth* v. *Hoey*, *supra*.

To hold, as we have done, that the contestants did not receive the payments involved herein under the will of petitioner's testator or the intestate laws of Illinois, would seem to dispose of the question presented in this proceeding, since the respondent does not contend

that the deduction allowed under section 303 (a) (3) of the Revenue Act of 1926 is limited to that portion of the legacy which is ultimately received and enjoyed by such beneficiary after the payment of expenditures incident to its acquisition. Such a contention would be futile in view of the authorities holding *contra*. *Edwards* v. *Slocum*, 264 U. S. 61; *Howard K. Walter et al., Executors*, 2 B. T. A. 453; *John Aspinwall Hadden, Jr.*, 10 B. T. A. 741. It is respondent's contention that, in fact even if not in form, the contestants here received $75,000 which belonged to the testator's estate prior to the distribution to the beneficiaries and received this sum because they were heirs, and, therefore, this sum was not a proper deduction. Although the contestants here may have received the payment *because* they were heirs at law of the testator, they did not receive it *as* heirs or from the estate pursuant to the will. As we have pointed out, the payment was made by the beneficiaries out of legacies which were proper deductions under the revenue act, pursuant to a compromise agreement which, under the law of the State of Illinois, did not constitute a modification of the will of petitioner's testator, and, therefore, will not diminish the amount of the deductions properly taken pursuant to section 303 (a) (3) of the revenue act.

It is stipulated by the parties that if we hold, as we have held, that the deduction otherwise allowable for bequests to charities should not be diminished by the amount of $75,000, then the deficiency in the estate tax is the sum of $147.99.

> *Decision will be entered that there is a deficiency in the sum of $147.99.*