ESTATE OF WILLIS L. KING, JR., MELLON NATIONAL BANK & TRUST CO., EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30907. Promulgated May 28, 1952.

*William S. Marshall, Esq.*, for the petitioner.
*George C. Lea, Esq.*, for the respondent.

#### OPINION.

ARUNDELL, *Judge:* The respondent determined a deficiency in estate tax in the amount of $41,204.22. The parties have stipulated that only the amount of $698.29 is in controversy. That amount results from the respondent's inclusion in the gross estate of interest on United States savings bonds, Series G, computed for the period between the last interest payment date before the date of death and the date of death. The propriety of such inclusion is the only issue. The facts have all been stipulated and are found as stipulated.

Willis L. King, Jr., died on October 14, 1946. His executor elected to value the estate as of the date of death. The estate tax return was

filed on January 9, 1948, with the collector of internal revenue for the twenty-third district of Pennsylvania. The return disclosed a net estate for basic estate tax and additional estate tax purposes.

At the date of death, the decedent owned United States savings bonds, Series G, in the principal amount of $325,000. The principal amount was included in the decedent's estate tax return. The amounts of the bonds, arranged by due dates, the dates of issue, and the interest thereon as computed by the respondent, are as follows:

| Amount | | Due date | Issue date | Interest computed by respondent |
|---|---|---|---|---|
| (a) | $21,400 | Jan. 1,1954 | Jan. 1,1942 | $153.07 |
| (b) | 78,600 | Sept. 1,1954 | Sept. 1,1942 | 234.71 |
| (c) | 30,000 | Jan. 1,1955 | Jan. 1,1943 | 214.58 |
| (d) | 25,000 | Apr. 1,1955 | Apr. 1,1943 | 22.57 |
| (e) | 45,000 | Dec. 1,1956 | Dec. 1,1944 | 415.62 |
| (f) | 50,000 | Nov. 1,1957 | Nov. 1,1945 | 565.97 |
| (g) | 50,000 | Dec. 1,1957 | Dec. 1,1945 | 461.81 |
| (h) | 25,000 | Mar. 1,1958 | Mar. 1,1946 | 73.65 |
| | $325,000 | | | $2,141.98 |

The amount of $2,141.98 computed by the respondent as interest is the amount that he determined to be interest for the period from the interest payment date immediately preceding the date of the decedent's death to the date of death.

With the exception of the $25,000 principal amount of bonds listed under (h) in the above schedule, the executor of the estate has collected interest on all of the bonds for the periods which began on the last interest date preceding the decedent's death and ended following his death.

No interest was received with respect to the $25,000 principal of bonds dated March 1, 1946, and listed under (h) above. Those bonds were forwarded to the Federal Reserve Bank for redemption at par on December 31, 1946, and the proceeds of redemption were received by the executor on February 3, 1947.

Interest collected by the estate on the remaining Series G bonds was reported in its fiduciary income tax return for the period beginning October 1, 1946, and ending September 30, 1947.

United States savings bonds, Series G, are current income savings bonds. Each such bond bears interest at a specified rate computed on the face amount of the bond and payable semiannually, beginning 6 months from the issue date.[1] Interest on such bonds is paid on each interest payment date by check drawn to the order of the person or persons in whose name the bond is inscribed.[2] In the case of redemption of such bonds prior to maturity, interest thereon ceases on the

[1] Sections 315.19, 315.21; Treasury Department Circular No. 530, February 13, 1945.
[2] Section 315.21 (a), Id.

last day of the interest period preceding the date of redemption. The Treasury Department Circular gives the following example:[3]

For example, if a bond on which interest is payable on January 1 and July 1 is redeemed on September 1, 1945, interest will cease on July 1, 1945, and no adjustment will be made on account of the failure to receive interest for the period July 1 to September 1, 1945.

The circular provides for the redemption of Series G bonds not less than six months from the issue date upon death of an owner or co-owner, if a natural person, upon "receipt of written notice of intention to redeem *at par*."[4]

The petitioner's position is that at the date of death there was no obligation on the part of the United States Treasury Department to pay interest for the period prior to that date back to the last interest date preceding the date of death. Further, as the bonds were redeemable at death at par, the holding of them until interest could be collected at the next succeeding interest date would constitute a waiver of the right to immediate redemption.

The respondent contends that interest for the period prior to the date of death had accrued at that date, which interest was collectible by the estate, and that the right to such interest represented property of the decedent which was includible in the gross estate under section 811 of the Internal Revenue Code.

Section 811 of the Code requires the inclusion in the value of a decedent's gross estate of the value of all property (except realty outside the United States)—

* * * To the extent of the interest therein of the decedent at the time of his death * * *.

Under this provision of the Code, the ultimate question is whether the interest computed on the Series G bonds between the last interest payment date and the date of the decedent's death was an "interest" that constituted "property" under the above Code provision. Many kinds of property interests have been held includible in decedents' estates under Code section 811 and corresponding provisions of Revenue Acts prior to the enactment of the Code. They have included such items as accrued interest, *William G. Frank, Administrator*, 6 B. T. A. 1071, accrued rents, *E. S. Heller, et al., Executors*, 10 B. T. A. 53, the value of a claim for refund of Federal income tax, *Bank of California* v. *Commissioner*, 133 F. 2d 428. See *John F. Degener, Jr., et al., Executors*, 26 B. T. A. 185, and cases therein cited. On the other hand, nothing was includible in a decedent-employee's gross estate by reason of the existence of a profit sharing arrangement which became null and void upon his death even though the employer

---

[3] Section 315.21 (d), Id.
[4] Section 315.23 (c), Id. The words "at par" are italicized in Circular No. 530.

later paid to his estate his share of profits earned by the employer before the employee's death. *United States Trust Co. of N. Y., et al., Executors*, 9 B. T. A. 514.

As we see it, the answer to the question turns upon whether or not at the date of death there was accrued something that could be considered a property right which was transferred from the dead to the living at the time of death. The Federal estate tax is basically "an excise tax upon the transfer of an estate upon death of the owner. * * * What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death." *Young Men's Christian Ass'n v. Davis*, 264 U. S. 47, *Edwards v. Slocum*, 264 U. S. 61. The interest of the decedent in the principal of the bonds ceased by reason of his death and that has been treated as a part of his estate for estate tax purposes. Beyond that he had no interest and could not have until the expiration of 6 months after the interest due date immediately preceding the date of his death. If he or his estate turned the bonds in for redemption before the expiration of the full 6 months' period, no right to interest ever attached to the bonds nor accrued to the holder. It is not a case of something that in the affirmative sense ceased upon death, but rather in the negative sense never attached. This is pointed up by the fact that in this case the executor presented for redemption $25,000 face amount of bonds as to which the last interest date prior to death was September 1, 1946, and such bonds were redeemed at par, and without inclusion in the redemption price of any amount for interest that would have been payable had the bonds been held until the next interest payment date, March 1, 1947.

In 1950, the respondent issued an unpublished ruling in which he held that in the case of the death of the holder of Series G bonds between interest payment dates, an amount representing interest computed to the date of death should be included in the decedent's gross estate. The ruling recognizes that in such cases interest computed to the date of death "is not available as of such date" but concludes that "nevertheless, the right to such interest is considered to be a valuable right apart from the right to receive the principal of the obligation and is includible in the gross estate * * *."

We have pointed out above that at the date of death, between interest payment dates, there was no right to such interest. In order for the right to interest ever to come into existence, the bond had to be held until the next interest payment date; it was not in existence at the date of death. Accrual imports the "right to receive." *Spring City Foundry Co. v. Commissioner*, 292 U. S. 182. Here there was no right at date of death that would support an accrual. "The estate so far as may be is settled as of the date of the testator's death." *Ithaca Trust*

*Co.* v. *United States,* 279 U. S. 151. At that date, the decedent had no right to any interest on the bonds and no interest thereon passed to others by reason of his death.

The respondent erred in including in the gross estate any amount on account of interest on the Series G bonds.

Reviewed by the Court.

*Decision will be entered under Rule 50.*