ESTATE OF LAURA NELSON KIRKWOOD, DECEASED, IRWIN R. KIRKWOOD, EXECUTOR, JOHN E. WILSON, EXECUTOR OF ESTATE OF IRWIN R. KIRKWOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40845. Promulgated June 30, 1931.

*Phil D. Morelock, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

**OPINION.**

MORRIS: The first issue presented by the pleadings is whether the $105,000 trust fund established under the will of Laura Nelson Kirkwood constitutes an allowable deduction from her gross estate. The

deductibility of this trust fund depends upon the interpretation of section 303 (a) (3) of the Revenue Act of 1926, which provides as follows:

Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

\*       \*       \*       \*       \*       \*       \*

(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or *to a trustee or trustees*, or a fraternal society, order or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals. The amount of the deduction under this paragraph for any transfer shall not exceed the value of the transferred property required to be included in the gross estate. [Italics supplied.]

By Item VII of her will Laura Nelson Kirkwood devised in continued trust to named trustees the Nelson Memorial Chapel in Mount Washington Cemetery and the sum of $105,000 for the upkeep and maintenance of the chapel and grounds. Since the devise was to trustees it would appear that petitioner should be governed by that portion of the above quoted section which refers to bequests, legacies, devises, or transfers " to a trustee or trustees." Petitioner, however, contends that, because of William Rockhill Nelson's charities and the esteem in which he was held by his fellow men, his place of burial is a sort of shrine where the public pays homage to his memory. It is asserted that the shrines of great men are a moral inspiration to the people as a whole, that they are of great literary and educational value; therefore, the petitioner argues that since this chapel is for the use of the people of the State as a whole, it is for the use of the State, because in a broad sense the people of the State constitute the body politic, and that since this bequest was for the use of the State, it is deductible under section 303 (a) (3) of the 1926 Act.

The weakness of this argument lies in the fact that the trust fund was created for purely personal reasons, namely, the care and maintenance of the last resting place of the decedent and her immediate family. The State, nor indeed the people therein, had no interest in the trust fund, nor did it or they have any voice in or control

over the chapel or the activities of the trustees. The public visited the chapel, and even though such visits were encouraged, we are satisfied that the trustees, in the exercise of their discretion, could have excluded the public therefrom at any time. We can not agree with the petitioner's contention, therefore, that the chapel was maintained under the trust, exclusively for public purposes; rather, we believe that it was the personal wishes of the decedent which were being carried out by the trustees. If in the course of performing the duties imposed by the trust instrument, the public was directly or indirectly benefited, we can not see how this benefit in any way changed the character of the trust or the uses for which it was created. It is our opinion, therefore, that the $105,000 trust fund is not a proper deduction within the meaning of section 303 (a) (3) of the Revenue Act of 1926.

Petitioner cites in support of his contention the decision of the court in *Loeb* v. *McCaughn*, 20 Fed. (2d) 1002, wherein it was held that the cost of a mausoleum was deductible from the decedent's gross estate. In that case the deduction was allowed upon the ground that the cost of the mausoleum was a part of the " reasonable interment expenses." No such question is raised in the present proceeding and the cases are, therefore, distinguishable.

The decedent by item nine of her will gave her residuary estate to her husband in trust, and at the same time made him the sole beneficiary of the income from the trust estate. She provided that upon the death of her husband the remainder of the trust estate should vest in three designated trustees who were to use the trust estate to provide a site for or construct a building in Kansas City, Mo., to bear the name of William Rockhill Nelson followed by the words " Gallery of Art," which said building was to be used to house and care for works of the fine arts which were to be purchased under the last will and testament of her father. The trustees were to use any excess of the trust fund for the purchase of additional works of the fine arts. Her husband, as trustee, was given full power and authority during his lifetime to use any and all of the trust estate for the same purposes. Concededly, under the provisions of decedent's will her husband received a life tenancy in her residuary estate, and we are satisfied that the remainder of the residuary estate after his death was given in trust for " charitable, scientific, literary or educational purposes."

This brings us to the second issue, namely, whether respondent erred in using the factor .55065 to determine the value of Irwin R. Kirkwood's interest in the estate of his wife, when the facts show that he died within one year, six months, and two days of the decedent. In other words, we are asked to hold that Kirkwood's

actual life should control the valuation of his life estate, rather than his estimated life as shown by well known tables of mortality.

In our opinion a lengthy discussion of this issue would serve no useful purpose, in view of the opinion of Mr. Justice Holmes in *Ithaca Trust Co.* v. *United States*, 279 U. S. 151. In that case one Edwin C. Stewart died testate appointing his wife and the Ithaca Trust Company, executors, and the Ithaca Trust Company, trustee, of the trust created by his will. He gave the residue of his estate to his wife for life, and after her death there were bequests in trust for admitted charities. The wife died six months after the decedent. The opinion of Mr. Justice Holmes in part is as follows:

\* \* \* The question is whether the amount of the diminution, that is, the length of the postponement, is to be determined by the event as it turned out, of the widow's death within six months, or by mortality tables showing the probabilities as they stood on the day when the testator died. The first impression is that it is absurd to resort to statistical probabilities when you know the fact. But this is due to inaccurate thinking. The estate so far as may be is settled as of the date of the testator's death. See *Hooper* v. *Bradford*, 178 Mass. 95, 97. The tax is on the act of the testator not on the receipt of property by the legatees. *Young Men's Christian Association* v. *Davis*, 264 U. S. 47, 50; *Knowlton* v. *Moore*, 178 U. S. 41, 49 and *passim; New York Trust Co.* v. *Eisner*, 256 U. S. 345, 348, 349; *Edwards* v. *Slocum*, 264 U. S. 61. Therefore the value of the thing to be taxed must be estimated as of the time when the act is done. But the value of property at a given time depends upon the relative intensity of the social desire for it at that time, expressed in the money that it would bring in the market. See *International Harvester Co.* v. *Kentucky*, 234 U. S. 216, 222. Like all values, as the word is used by the law, it depends largely on more or less certain prophecies of the future; and the value is no less real at that time if later the prophecy turns out false than when it comes out true. See *Lewellyn* v. *Electric Reduction Co.*, 275 U. S. 243, 247. *New York* v. *Sage*, 239 U. S. 57, 61. Tempting as it is to correct uncertain probabilities by the now certain fact, we are of opinion that it cannot be done, but that the value of the wife's life interest must be estimated by the mortuary tables. \* \* \*

The above quoted portion of the Supreme Court's decision is, in our opinion, determinative as to this issue. We hold, therefore, that the value of Irwin R. Kirkwood's life interest in his wife's estate should be determined upon the basis of his theoretical life as estimated by mortuary tables rather than on the facts as they subsequently occurred.

The third issue is whether respondent erred in determining the deduction under section 303 (a) (2) for property previously taxed to another estate within a period of five years. Petitioner asserts that he is entitled to deduct the full value of the contents of "Oak Hall," having a stipulated value of $60,412.50, instead of $33,266.14 as allowed by respondent, which figure is the product of $60,412.50 x .55065. By item two of the will of William Rockhill Nelson his

wife received " all articles of household use and ornament, including furniture, rugs, statuary, pictures, books, works of art and silverware, and all jewelry and pleasure vehicles " owned by Nelson. Ida H. Nelson, by item two of her will, used practically the same language in giving the property to her daughter, Laura Nelson Kirkwood, adding the term " bric-a-brac " and omitting the term " jewelry." Mrs. Nelson died October 6, 1921, and her daughter died February 27, 1926, or less than five years after her mother.

We are satisfied from the above facts that the contents of " Oak Hall " passed under and pursuant to the second paragraph of the will of Mrs. Nelson, and were taxed as a part of her net estate less than five years prior to the death of Laura Nelson Kirkwood. Section 303 (a) (2) of the Revenue Act of 1926 provides that for the purpose of the tax the value of the net estate of the decedent shall be determined by deducting from the gross estate:

(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from such donor by gift or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where a gift tax imposed under the Revenue Act of 1924, or an estate tax imposed under this or any prior Act of Congress was paid by or on behalf of the donor or the estate of such prior decedent as the case may be, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gift or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraph (1) or (3) of this subdivision.

The only difference between the parties is on the amount of the deduction under the above quoted provision. The respondent contends that the value deductible under the above provision is $33,266.14, the value of the life estate in the decedent's husband, as the balance thereof was deducted under paragraph 3 of the above subdivision, and if $60,412.50 were deducted as property previously taxed, the estate would get a deduction of $87,558.86.

The statute specifically provides for the deduction of the value of property previously taxed within five years in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, but only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraph (1) or (3) of the subdivision. The deduction for the value of the contents of " Oak Hall," therefore, should be allowed to the extent of the value thereof included in the prior decedent's estate and in the present decedent's

gross estate, reduced by the value of such property deducted under section 303 (a) (3).

The next issue relates to the inclusion in decedent's gross estate of $250,000, the stipulated value of the homestead, " Oak Hall," exclusive of the contents thereof. Petitioner contends that as Irwin R. Kirkwood relinquished the property by deed to the municipality of Kansas City on January 28, 1927, less than one year after decedent's death, and that as he died approximately a year and a half after the decedent, that the factor .55065 used by respondent was excessive.

Under William Rockhill Nelson's will the homestead " Oak Hall " realty, as distinguished from personalty, was given to Ida H. Nelson for life, and upon her death to Laura Nelson Kirkwood for life with full power to dispose of same in fee simple. Upon the death of her mother Laura Nelson Kirkwood received the realty from her father with full power to convey the fee simple title thereto, and at this point it should be noted that Ida H. Nelson made no mention of the homestead in her will. The decedent's will gave a life tenancy in " Oak Hall " to her husband, together with a power to sell and convey the same, in which event the proceeds thereof were to be included in her residuary estate. As the husband was also given a life tenancy in decedent's residuary estate, it is obvious that Kirkwood had a life tenancy in the homestead. Since the homestead passed under decedent's will, and was not a part of a prior taxed estate, the respondent correctly included the stipulated value thereof in decedent's gross estate.

The fifth issue relates to the deductibility of additional income taxes paid by the estate under date of June 4, 1928, for the period January 1, 1926, to February 27, 1926, the date of decedent's death. This payment by the estate amounted to $27,170.16, $25,406.01 thereof being the principal amount of said income taxes, and $1,764.15 thereof being interest. Originally the estate had returned and paid income taxes of $3,166.53, which amount respondent allowed as a deduction from decedent's gross estate. Petitioner contends that under these facts he is entitled to deduct the additional income taxes from the said gross estate.

This issue has been before the Board in two prior cases, in both of which we held that income taxes for a period prior to the decedent's death were allowable deductions in determining the value of decedent's net estate. *Sabina Schatzinger, Executrix*, 12 B. T. A. 1353, and *William Schoenheit et al., Executors*, 14 B. T. A. 33, modified in other particulars at 44 Fed. (2d) 470. Since the opinions in these cases support the petitioner's contention, our decision as to this issue is for the petitioner.

The sixth and final issue is whether respondent erred in including as a part of decedent's gross estate, the part thereof passing to Irwin

R. Kirkwood, since under the laws of the State of Missouri the husband's part of his wife's estate vests at the time of marriage. Petitioner cites in support of the proposition that that part of decedent's estate passing to Kirkwood should be excluded under Missouri law, the decisions of the Federal District Court in *Hibbard* v. *Crooks*, 25 Fed. (2d) 896, and *Waite* v. *United States*, 29 Fed. (2d) 149. The decisions in those cases support petitioner's contention, but in *United States* v. *Waite*, 33 Fed. (2d) 567 (certiorari denied, 280 U. S. 98A), the District Court was reversed, and the Circuit Court of Appeals, after an exhaustive examination of the decisions of the United States Supreme Court and the leading case by the Missouri Supreme Court—*In re Roger's Estate*, 250 S. W. 576, held that the state law was inapplicable, and that there was a transfer within the meaning of the Federal taxing statute. Accordingly, we hold the respondent as to this issue.

*Decision will be entered under Rule 50.*