GUARANTY TRUST COMPANY, EXECUTOR, ESTATE OF ALBERT G. JEFFRESS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39462.  Promulgated February 10, 1932.

*H. H. Shelton, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

## OPINION.

TRAMMELL: The first issue is whether the respondent erred in determining that the decedent was a *resident* of the State of New York and thus a resident of the United States within the meaning of section 301 (a) of the Revenue Act of 1924, as amended by section 322 of the Revenue Act of 1926, effective as of June 2, 1924. That section provides as follows:

In lieu of the tax imposed by Title IV of the Revenue Act of 1921, a tax equal to the sum of the following percentages of the value of the net estate (deter-

mined as provided in section 303) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this Act, *whether a resident or nonresident of the United States:* * * * [Italics supplied.]

Section 302 of the said act provides for computing the value of the decedent's gross estate by including " the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated * * *."

Section 303 of said act provides that:

For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a *resident*, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except, in the case of a resident decedent, where such property is not situated in the United States), to the extent that such claims, mortgages, or indebtedness were incurred or contracted bona fide and for a fair consideration in money or money's worth, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes;

* * * * * * *

(b) In the case of a nonresident, by deducting from the value of that part of his gross estate which at the time of his death is situated in the United States—

(1) That proportion of the deductions specified in paragraph (1) of subdivision (a) of this section which the value of such part bears to the value of his entire gross estate, wherever situated, but in no case shall the amount so deducted exceed 10 per centum of the value of that part of his gross estate which at the time of his death is situated in the United States;

* * * * * * *

(c) No deduction shall be allowed in the case of a *nonresident* unless the executor includes in the return required to be filed under section 304 the value at the time of his death of that part of the gross estate of the nonresident not situated in the United States. [Italics supplied.]

There is no dispute in this proceeding with respect to the facts. Both parties agree that the domicile of the decedent was in the United States.

The petitioner contends that the decedent, although domiciled in New York at the time of his death, was nevertheless a " nonresident " of the United States within the meaning of the Federal taxing statute. The respondent's contention, briefly stated, is that the word "residence " as used in inheritance or estate-tax statutes is synonymous with " domicile," and that although the Federal statute uses the

word "resident," the residence is determined by applying the principles relating to "domicile." The respondent urges that decedent was an American citizen who traveled on an American passport; that he was domiciled in the United States; that he was a resident of England only for business purposes and that he never intended to establish his domicile or legal residence in England; and, further, that the only purpose of claiming residence in England is the evasion of taxes upon that portion of the estate situated without the United States. In the determination of the meaning of the word "resident" as used by Congress in said section 301 (a), we are not concerned with the possibility that the estate, or a portion thereof, of an American citizen may escape taxation. The only real question is whether the statute levies a tax only upon the estate of a decedent who actually and physically resided in the United States at the date of death, or upon the estate of any decedent who had his domicile, that is, his legal residence, in the United States at the date of death.

The respondent's regulations have consistently provided that, "A resident (as that term is used in the estate tax provisions and various Revenue Acts) is one who, at the time of his death, had his domicile in the United States" and, with certain exceptions not applicable in this proceeding, that, "all persons not residents of the United States as above defined, * * * are non-residents."

In connection with the term "resident" as used in the Federal estate-tax acts, the Circuit Court of Appeals for the Second Circuit, in the case of *Bowring* v. *Bowers*, 24 Fed. (2d) 918, said:

But all the limitations applicable to acquiring a new domicile, particularly when a domicile of national origin is to be abandoned, do not necessarily attach to taking out a new residence, either in this country or England. The United States Income Tax Acts, from the Act of 1913 (38 Stat. 114) on, have been uniform in levying a tax on the entire income of aliens, if resident here, and residence has been construed by the Commissioner in all his rulings as something which may be less than a domicile, which fixes the law of the devolution of property and determines the incidence of estate and succession taxes. It is true that "residence" is ordinarily used as the equivalent of domicile in statutes relating to probate, administration, and succession taxes. So, as might be expected, in the Revenue Acts, the word "resident," when employed in the portions of these acts dealing with the Estate Tax Law, means "domiciled," and has been so construed by the practice and regulations of the department.

It is contended that the same words, when used in the titles of the same acts dealing with the income tax, must have the same meaning. But the estate tax provisions were first introduced in the Revenue Act of 1916 (39 Stat. 756), after the construction of the word "resident" in that act had already become fixed by the ruling of the department at least as early as Treasury Decision 2242 of September 17, 1915, infra. Moreover, the incidence of estate and succession taxes has historically been determined by domicile and situs, and not by the fact of actual residence. *Frick* v. *Pennsyl-*

*vania*, 268 U. S. 473, 45 S. Ct. 603, 69 L. Ed. 1058, 42 A. L. R. 316. As Justice Holmes said in *Bullen v. Wisconsin*, 240 U. S. at page 631, 36 S. Ct. 474 (60 L. Ed. 830):

" * * * As the states where the property is situated, if governed by the common law, generally recognize the law of the domicile as determining the succession, it may be said that, in a practical sense at least, the law of the domicile is needed to establish the inheritance. Therefore the inheritance may be taxed at the place of domicile, whatever the limitations of power over the specific chattels may be. * * * "

As was said, also, in the *Matter of Martin*, 173 App. Div. at page 3, 158 N. Y. S. 916:

" * * * in many instances there is a difference between the legal intendment of the terms 'residence' and 'domicile' * * * but in the matter of succession and transfer taxes the theory of the action of the taxing power renders the term synonymous. In the case of succession the intestate's personalty is distributed according to the Statute of Distribution of the State of the domicile. Therefore, that State which permits the inheritance is entitled to impose a duty on that privilege. * * * "

But in personal and income taxes domicile has played no necessary part, and residence at a fixed date has determined the liability for the tax.

In view of the long established Treasury Department's regulations construing the said term "resident," which have not been changed in all the subsequent legislation, we think that, in so far as the estate-tax provisions of the Revenue Acts are concerned, it was the intention of Congress to use the term "resident" as meaning a person domiciled in, that is, a legal resident of, the United States. Evidently Congress was satisfied that the consistent administrative construction of the term "resident" as used in the various revenue acts was correct, or it would have made an appropriate change in the language used in subsequent acts.

The parties to this proceeding are in agreement that the decedent had his domicile in the United States. England was his place of business and he remained there for business purposes, but maintained his legal residence or domicile in the United States, which he had the legal right to do.

Accordingly, in our opinion, the decedent at the date of his death was a resident of the United States within the meaning of section 301 (a) of the Revenue Act of 1924, as amended by section 322 of the Revenue Act of 1926, and his estate is subject to the tax imposed by the estate-tax provisions applicable to the estates of "resident" decedents. As to this issue the action of the respondent is sustained.

The second issue in this proceeding involves the question of whether the respondent erred in not diminishing the value of the foreign-situated property by the foreign death or succession duties paid thereon, for the purpose of including the value of such foreign-situated property in the gross estate. In the case of *Lucius N. Littauer et al., Executors*, 25 B. T. A. 21, the Board had under con-

sideration this same question, which was decided adversely to the petitioner. Also compare *John Aspinwall Hadden, Jr.*, 10 B. T. A. 741. The action of the respondent is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

GOODRICH, MATTHEWS, and MURDOCK concur in the result.