FIFTH AVENUE BANK OF NEW YORK AS EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF MIRIAM FISHER, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74826. Promulgated September 17, 1937.

*Orwill V. W. Hawkins, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

HARRON: The Commissioner contends that decedent was a nonresident of the United States, at the date of death, for estate tax purposes and that the provisions of section 303 (b), Revenue Act of 1926 are applicable in determining the net estate for tax purposes. The principal issue is whether decedent was a nonresident of the United States, with collateral issues relating to the taxable situs of a claim of the estate against one Marion Lozé, a resident of France, and to whether all or a proportion of administration expenses and fees is deductible from the gross estate.

The terms *residence* and *domicil* are synonymous for estate tax purposes. *Bowring* v. *Bowers*, 24 Fed. (2d) 918; certiorari denied, 277 U. S. 608; *Guaranty Trust Co., Executor*, 25 B. T. A. 507; *Fredrick Rodiek*, 33 B. T. A. 1020. Respondent admits that decedent's domicil of origin was New York City, but argues that decedent had only a "floating" intention to return to New York City so that the prolonged residence of decedent in Paris, France, brought about a change of domicil to a prima facie domicil of choice in Paris. Respondent argues that decedent's intention to return to her domicil of origin was a "floating intention" because in later applications for passports and affidavits, decedent used the words "undetermined"

and "indefinite" in answer to the question asking when she intended returning to the United States.

The decedent's domicil of origin was New York City. Two facts must exist to effect a change over to a new domicil of choice, both residence in the new place and intention to make the new residence a permanent home. There must be both the fact and the intent. *Mitchell* v. *United States*, 88 U. S. 350, 353.

This issue is a mixed question of fact and of law. In this proceeding we have the fact that ·decedent maintained and lived in an apartment in Paris for 12 years, but it is necessary to determine whether as a fact decedent had such intent toward her residence in Paris as to require the conclusion that Paris was her domicil of choice.

A domicil of origin is presumed to continue until it is shown to have been changed. *Somerville* v. *Somerville*, 5 Vesey, 787. A prolonged absence from domicil does not change domicil without intent to acquire a new domicil, *Williamson* v. *Osenton*, 232 U. S. 619, and where residence away from the original domicil is for purposes of travel and health such presence does not usually change domicil. Also, knowledge that one will never return home because of illness does not necessarily change domicil. Treatise on the Conflict of Laws, Joseph H. Beale, pp. 142, 172, 173. In determining the question of fact of intent to effect a change of domicil there must be the intent that the new residence is to be a permanent residence, in other words, there is no intent to return to the original domicil for permanent residence; or, as stated in *Ennis* v. *Smith*, 14 Howard, 339, 442;

When there is a removal, unless it can be shown or inferred from circumstances that it was for some particular purpose, expected to be only of a temporary nature, or in the exercise of some particular ·profession, office, or calling, it does change the domicil. The result is, that the place of residence is prima facie the domicil, unless there be some motive for that residence not inconsistent with a clearly established intention to retain a permanent residence in another place.

Respondent infers from decedent's prolonged residence abroad and the general circumstances that decedent intended her residence in Paris to be permanent and so acquired a domicil of choice there. We do not agree with respondent. Without reviewing in detail the facts already set forth in the findings, we believe there is substantial proof from decedent's own statements in applications for passports, affidavits, and to her cousin that she regarded Paris as a temporary residence and that the purpose of her long sojourn away from New York City was for travel, health, and to be near relatives for a limited period only. There is no substantial evidence that decedent intended making her home permanently near her cousin. From 1912

to 1919 we think it clear that decedent's presence in Paris and elsewhere was intended as temporary and for the particular purposes of travel and to be near relatives. From 1920 to the date of death we are satisfied that decedent's presence in Paris still was for temporary residence and particular purposes not inconsistent with an intention to retain her domicil of origin. The fact that decedent had sold her New York home does not present an inconsistency. She was unmarried, lived alone, and possessed the means and desire to travel, at least until her health broke. Cf. *Noah C. Rogers, Executor*, 17 B. T. A. 570; *Guaranty Trust Co., Executor*, 25 B. T. A. 507. That decedent in later years was vague as to the exact time she would return to New York is explained by decedent's failure in health.

On a review of the facts and in considering the general circumstances it is held that decedent retained her domicil of origin and was a resident of the United States at the date of death. It follows that the claim against Marion Lozé had its taxable situs in the United States and was properly included in the gross estate of decedent situated in the United States; that the petitioners are entitled to deduct the full amount of the administration expenses and fees claimed in addition to others allowed, section 303 (a) (1), Revenue Act of 1926; and that decedent's estate is entitled to the statutory exemption allowed a resident decedent under section 303 (a) (4).

*Decision will be entered for the petitioner.*