ROBERT M. GREEN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13834. Promulgated June 30, 1928.

*Milton A. Kamsler, Esq.*, for the petitioner.
*Leroy L. Hight, Esq.*, for the respondent.

OPINION.

MORRIS: Upon motion of counsel for the respondent, and with the express consent of counsel for the petitioner, so much of this proceeding as relates to 1920 is hereby dismissed.

Sections 210 and 211 of the Revenue Act of 1921 specify the amounts of normal and surtaxes that shall be levied and collected upon the net income of every individual subject to the tax, and section 214 of the Act specifies the deductions that may be taken in the computation of net income. Subdivision (a) (3) of that section provides for a deduction of, " Taxes paid or accrued within the taxable year except (a) income, war-profits, and excess-profits taxes imposed by authority of the United States, * * *."

The pertinent provisions of section 219 of the Revenue Act of 1921 are:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate; * * *

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, * * *

That section of the Act provides further that in cases coming within the provisions of paragraph (a) (1) above, " the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary."

It is definitely settled that the estate tax imposed by Title IV of the Revenue Act of 1918, which for our purpose is the same as the Revenue Act of 1921, and the Pennsylvania inheritance tax, are laid upon the transfer of property upon the death of the owner, and not upon the property itself, nor upon the right of succession thereto. *Y. M. C. A.* v. *Davis*, 264 U. S. 47; *Edwards* v. *Slocum*, 264 U. S. 61; *Frick's Estate*, 277 Pa. 242; and *Frick* v. *Commonwealth of Pennsylvania*, 268 U. S. 473. In *Y. M. C. A.* v. *Davis*, *supra*, the court, after considering the tax imposed by the Revenue Act of 1918, said:

* * * What was being imposed here was an excise upon the transfer of an estate upon death of the owner. It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death. *Knowlton* v. *Moore*, 178 U. S. 41, 48, 49.

The petitioner contends that because of the terms of the will under which he took, the tax payments made by him were on his right to receive the inheritance and that, therefore, the tax is a deductible item in the computation of his net income for 1921, and he quotes article 134 of Regulations 62, promulgated under the Revenue Act of 1921, as authority for his contention. That article of the regulations provides:

Estate, succession, legacy, or inheritance taxes, imposed by any State, Territory or possession of the United States, or foreign country, are deductible by the estate, subject to the provisions of section 214, where, by the laws of the jurisdiction exacting them, they are imposed upon the right or privilege to transmit rather than upon the right or privilege of the heir, devisee, legatee, or distributee, to receive or to succeed to the property of the decedent passing to him. *Where such taxes are imposed upon the right or privilege of the heir, devisee, legatee, or distributee, so to receive or to succeed to the property, they constitute, subject to the provisions of section 214, an allowable deduction from his gross income.* (Italics supplied.)

The petitioner stresses the underscored portion of the above article in support of his contention.

The word " imposed " as used in the last sentence of the above quoted paragraph is used in the same sense as in the first sentence and has no reference to obligations or conditions imposed upon the heir, devisee, or legatee by the will. In order for a taxpayer to avail himself of the deduction provided for in that sentence the estate or inheritance tax imposed must be by law upon the right to receive the property and not upon the right to transfer it.

In the appeal of *Katharine N. Wurts*, 6 B. T. A. 1118, where the question was whether the respondent erred in refusing the petitioner the right to deduct from his gross income the amount of Pennsylvania transfer taxes which had been paid during the taxable year by the executor and deducted by him during that year from the share of each petitioner before payment of the transfer, it was held that said amounts were not deductible by the petitioner under the provisions of section 214 (a) (3) of the Revenue Act of 1921.

In *James B. Waller, Jr.*, 8 B. T. A. 935, the petitioner contended that being the devisee of real estate he represented the estate as to such property, and having paid the estate tax he is entitled to a deduction therefor in the computation of his net income. The petitioner there based his contention upon the law of Illinois, that real estate passes direct to the devisee and not through the hands of the executor. The Board in that case, in holding that the estate tax paid by the devisee to prevent the sale of the realty was not deductible, said:

If the Federal estate tax were imposed on the right of a devisee to receive property or on the interest to which he succeeds there might be some merit to the contention made. But it is not such a tax.

Since the Federal estate tax and inheritance tax of Pennsylvania are levied upon the transfer of the property of the decedent the fiduciary is the only taxable entity entitled, under the Revenue Acts of 1918 and 1921, to the deductions provided for by the statute, irrespective of the fact that the testator designated who should pay the tax.

Since the hearing of this proceeding the Revenue Act of 1928, containing section 703, relating to the deduction of estate and inheritance taxes, has become law. On the record, we can reach no different result, notwithstanding the provisions of that section.

Reviewed by the Board.

*Judgment will be entered for the respondent.*