*290 OPINION.
Van Fossan:
The respondent contends that, pursuant to section 302 (c) of the Revenue Act of 1926, the corpus of the trusts created by the two instruments set forth in the findings of fact should be included in the decedent’s gross estate for Federal estate-tax purposes, for the reason that the transfers of property were intended to take effect in possession or enjoyment at or after the decedent’s death.
Section 302 (c) of the Revenue Act of 1926 provides in part as follows:
Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
*******
(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death * * * .
There is no contention or suggestion in this proceeding that either of the trust instruments was executed and delivered in contemplation of death.
The tax imposed by section 302 (c) of the Revenue Act of 1926 is an excise tax on the transfer of property by death. Y. M. C. A. v. Davis, 264 U. S. 47; Nichols v. Coolidge, 274 U. S. 531; May v. Heiner, 281 U. S. 238. The cited decisions discussed provisions of prior revenue acts substantially similar to the provisions of section 302 (c), above quoted. Therefore, in accordance with the principles *291 enunciated in these decisions, if the decedent, by the execution and delivery of the trust instruments, divested herself fully, completely and irrevocably of all interest in the corpus of the trust which might inure to her benefit, no interest remained in her which was transferable because of her death. Lillian M. Wheeler, Executrix, 20 B. T. A. 695, and decisions therein cited.
In neither of the trust instruments is there any reservation to the settlor of the power to revoke or alter the trusts. It is true that in each of them the settlor reserved a certain power of management. In the one case the trustee was required, upon the written request of the trustor, to change the capital of the trust from real property to personal property. In the case of the other trust, the trustee could not sell or exchange the securities constituting the corpus of the trust or reinvest the proceeds of a sale thereof without the written approval of the settlor. These reserved powers of management did not, however, “save to the decedent any control over the economic benefits or the enjoyment of the property” the shifting of which is the subject of the tax. Reinecke v. Northern Trust Co., 278 U. S. 339; Lillian M. Wheeler, Executrix, supra.
Each trust instrument provided for the payment of the net income of the trust to the decedent during her life. A similar provision was included in the trust discussed in May v. Heiner, supra, in which the court held that the trust was not testamentary in character and that at the time of the trustor’s death no interest under the trust passed from the settlor to the living and that title to the property in trust had been definitely fixed by the trust deed. It is equally true that no interest under the trusts involved in this proceeding passed to the living from the decedent at the time of her death.
We are not impressed by the contention that the transfers effected by the execution and delivery of the trust instruments were contingent. It is unimportant that under one of the instruments the corpus of the estate transfered would revert to the settlor in the event that the named beneficiary predeceased her. It is also unimportant that the other of the two trusts provided for alternate beneficiaries in the event that the first named beneficiary predeceased the trustor. Prior to her death she had disposed of the corpus of the trusts completely and during her life no power which she could lawfully exercise under the trust instruments could have caused the properties thereby conveyed and transferred to revert to her.
In accordance with the foregoing, we are of the opinion that the corpus of the two trusts should not be included in the decedent’s gross estate for Federal estate-tax purposes.

Decision will be entered under Rule 50.