DAVID BARCLAY NEVIUS, PETITIONER (REPRESENTING THE ESTATE OF CHARLOTTE JANE JONES), *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68204. Promulgated March 13, 1934.

*Charles Caldwell, Esq.*, for the petitioner.

*Hartford Allen, Esq.*, and *Eugene G. Smith, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in estate tax of $2,228.32. The petition alleges that:

The deficiency determined by the Commissioner is based upon the erroneous inclusion in the gross estate of one-eighth of the value of shares of stock of domestic corporations. Such inclusion by the Commissioner is erroneous for the following reasons:

(a) Such shares of stock were not owned and held by the nonresident decedent, alone, or severally or jointly with others.

(b) Although the nonresident decedent exercised a general power of appointment in respect of the principal of a trust which included such shares, neither the shares nor any undivided interest therein passed under such general power.

(c) Regardless of the legal situs of the shares, the nonresident decedent had no property rights or interest in them. She had merely an intangible, personal right against the trustee-owners and the situs of this intangible, personal right was in England and beyond the jurisdiction of the taxing power of the United States.

(d) The legal situs of the shares was, however, in England and beyond the jurisdiction of the taxing power of the United States.

The petitioner is the custodian in the United States in actual possession of the property in respect of which the deficiency has been determined.

Benjamin William Jones, a resident and citizen of England, died January 20, 1917, leaving a last will and testament probated in England. By article fifteenth his residuary estate was devised and bequeathed to his executors in trust upon the following provision, among others:

I direct my said executors to pay over the net income of one of said shares to my dear wife Charlotte Jane Jones for and during her life, with power to my said wife to dispose of said share by a last will and testament. In case my wife should not dispose of said share by her last will and testament, then I direct my executors, or the survivor of them, upon the death of my widow, Charlotte Jane Jones, to pay over said share to my grandchildren equally per stirpes and not per capita.

The executors of the estate of Benjamin William Jones and trustees under the trust created by article fifteenth of his will (hereinafter called the trustees) were all residents and citizens of England. Subsequent to the death of Benjamin William Jones, on January 20, 1917, the trustees acquired the following shares of domestic corporations:

| | Shares |
|---|---|
| U.S. Steel Corporation preferred stock | 5,302 |
| Atchison Topeka & Santa Fe Ry. Co. common stock | 1,000 |
| Southern Pacific Co. common stock | 500 |

The certificates for these shares, after their acquisition and continuously up to September 29, 1930, were held in England by the trustees.

Charlotte Jane Jones, the widow of Benjamin William Jones and the decedent whose estate is concerned in this proceeding, died a resident and citizen of England on September 29, 1930.

At the date of death of Charlotte Jane Jones, the trustees held the shares of domestic corporations referred to above and other securities which were not shares or bonds of domestic corporations.

The last will and testament of Charlotte Jane Jones was duly probated in England and contained the following provision:

7. And whereas under the terms of the will of my late husband dated the 17th day of April, Nineteen hundred and eleven, I have a life interest in one-eighth of his estate, with power to dispose of said one-eighth share by a last will and testament Now, therefore, in exercise of such power I make the bequests hereinafter contained and direct the same to take effect out of the said one-eighth share and out of my private estate as a blended fund.

The persons to whom the decedent, Charlotte Jane Jones, bequeathed and devised her property and in favor of whom she exercised the power of appointment under the will of her husband, Benjamin William Jones, were all residents and citizens of England.

The respondent has determined that the value of the decedent's one-eighth interest in the trust fund created by the will of Benjamin William Jones, over which she exercised a power of appointment, included one eighth of the value of the shares of stock of domestic corporations and is subject to estate tax. He has included in the gross estate $132,717.34 as the value of the one-eighth interest in such shares.

The issue presented by the pleadings as to whether or not the shares of stock in a domestic corporation have a taxable situs in the United States when owned by a nonresident alien decedent has been abandoned by the petitioner, in view of the decision by the Supreme Court in *Burnet* v. *Brooks*, 288 U.S. 378. The petitioner contends, however, that:

* * * the shares of domestic corporations recommended for inclusion in the gross estate did not pass under the power exercised by the decedent, nor were they owned and held by the decedent, and I think that under a reasonable interpretation of this will this power should be considered a limited and not a general power. It is the wife's estate with which we are concerned here, and we contend that as to the beneficiary of an express [trust] it is a right *in personam* against the trustee.

The applicable provisions of the taxing statute, the Revenue Act of 1926, are as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

* * * * * * *

(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in con-

templation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for an adaquate and full consideration in money or money's worth; * * *

*     *     *     *     *     *     *

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

*     *     *     *     *     *     *

(d) For the purpose of this title, stock in a domestic corporation owned and held by a nonresident decedent shall be deemed property within the United States, and any property of which the decedent has made a transfer, by trust or otherwise, within the meaning of subdivision (c) or (d) of section 302, shall be deemed to be situated in the United States, if so situated either at the time of the transfer, or at the time of the decedent's death.

We are of the opinion that there is no merit in the contention of the petitioner that the power of appointment exercised by the decedent, Charlotte Jane Jones, was a limited power of appointment rather than a general power of appointment. The power of appointment is general when it is exercisable in favor of any person the donee may select, and special or limited when it is exercisable only in favor of certain persons or a class of persons designated in the instrument creating the power. *Fidelity-Philadelphia Trust Co.* v. *McCaughn*, 34 Fed. (2d) 600; certiorari denied, 280 U.S. 602; *Farmers Loan & Trust Co.* v. *Bowers*, 29 Fed. (2d) 14. From the evidence of record it would appear that the decedent was in no wise restricted as to the naming of appointees to receive the estate over which she had a power of appointment.

A more serious question is presented, however, by the contention of the petitioner that the decedent did not own or hold the shares of domestic corporations which the respondent seeks to include in the gross estate. Clearly those shares were held by the trustees provided for by the fifteenth article of the will of Benjamin William Jones. All that the petitioner had in her lifetime was a right to receive a portion of the income of the trust fund and a right to dispose of a portion of the corpus of such fund by will. So far as anything appears to the contrary, the trustees could have sold the shares of domestic corporations held by them at any time either before or after the death of the donee of the power. Furthermore, so far as anything appears to the contrary, the trustees could have set aside for distribution to the persons named by the decedent as the recipients of the appointive estate other assets of the trust fund without having disposed of any of the shares in the domestic corporations.

In *Young Men's Christian Association of Columbus, Ohio* v. *Davis*, 264 U.S. 47, the Supreme Court said: " What this law taxes is * * * the interest which ceased by reason of the death." In the proceeding at bar the nonresident alien decedent had no direct

interest in the shares of the domestic corporations held by the trustees. Hence no interest in such shares ceased by reason of the death. The shares were owned by the foreign trustee after her death the same as before. The contention of the petitioner upon this point is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*