## COMMISSIONER OF INTERNAL REVENUE v. DUNHAM et al.

### No. 5238.

Circuit Court of Appeals, Seventh Circuit.

Nov. 22, 1934.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for petitioner.

Thomas B. Lantry, of Chicago, Ill., for respondent Lucy Belle Dunham.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

SPARKS, Circuit Judge.

The question presented for decision is whether the value of the corpus of certain trusts should be included in the gross estate of decedent under section 302 (c) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 70 (26 USCA § 1094 (c).[1]

Mary Virginia Dunham died testate on February 15, 1928. Letters testamentary were issued to Lucy Belle Dunham and Timothy F. Mullen. Mullen died January 22, 1931.

The first trust was created on July 23, 1917, when decedent transferred certain Illinois real estate to Allison W. Green in trust to manage and lease the premises, collect the rentals, and, after paying taxes and expenses, to distribute the net rentals to decedent quarterly each year during her life. Upon her written request he was to sell the real estate, invest the proceeds in approved securities, and pay the net income to her. The trustee was directed "to convey said premises upon my death to my cousin, Lucy Belle Dunham, in fee simple, if she be then living. In the event of her death before my death, said trustee shall convey said premises in fee simple to my cousins, Byron W. Dunham and Electa A. Dunham, in joint tenancy and not in tenancy in common or to the survivor of them. In the event said premises shall have

---

[1] Revenue Act of 1926, c. 27, 44 Stat. 9, 70 (26 USCA § 1094 (c):

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * * *"

been sold prior to my death, said Trustee shall upon my death, turn over and deliver the net proceeds thereof including any accrued income thereon, to said Lucy Belle Dunham, if she be then living, or in the event of her death before my death, to said Byron W. Dunham and Electa A. Dunham or to the survivor of them."

The second trust was created on April 7, 1925, when decedent delivered Liberty bonds to Timothy F. Mullen in trust to collect the interest accruing thereon, and the principal at maturity, and to pay her the income therefrom during her life. By obtaining her consent the trustee could sell any of the bonds and reinvest the principal. He was further directed by her as follows:

"Upon my death, to transfer, turn over, and deliver all the said trust estate, principal and interest, then remaining in the hands of said Trustee, to my cousin, Lucy Belle Dunham, as her sole and absolute property, whereupon said trust shall cease.

"In case of the death of said Lucy Belle Dunham prior to my decease, then to transfer, turn over, and deliver all the said trust estate, principal and interest, then remaining in the hands of said Trustee, back to me, free and clear of said trust, which shall thereupon wholly cease."

The settlor appointed the successor in trust to Mullen in case of his death, resignation or upon his refusal or inability to act. Lucy Belle Dunham survived the decedent. The executors in their tax return did not report the value of any assets covered by these trust agreements. The Commissioner in his audit included them at a valuation of $75,399, and the correctness of that valuation is not disputed.

Upon appeal, the Board of Tax Appeals held that the value of the corpus of the two trusts should not be included in the gross estate, and from that order this appeal is prosecuted.

The decision of the Board was based on the theory that decedent by her trust deeds divested herself fully, completely and irrevocably of all interest in the property included in the trusts, and that no interest remained in her which was transferred by her death. This conclusion, we think is correct. Reinecke v. Northern Trust Company, 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397. There was a defeasance with respect to the second trust in case the beneficiary died prior to decedent's death, but it was in no manner conditioned upon the death of the settlor. This provision was similar to one under consideration in McCormick v. Burnet, 283 U. S. 784, 51 S. Ct. 343, 75 L. Ed. 1413, where it was held that the trust property was not to be included in the gross estate for purposes of taxation. See, also, Y. M. C. A. v. Davis, 264 U. S. 47, 44 S. Ct. 291, 68 L. Ed. 558; Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244; Burnet v. Northern Trust Company, 283 U. S. 782, 51 S. Ct. 342, 75 L. Ed. 1412; Morsman v. Burnet, 283 U. S. 783, 51 S. Ct. 343, 75 L. Ed. 1412.

The order of the Board is affirmed.