FRANCES A. KRAUSE AND W. WASHBURN HINDS, EXECUTRIX AND EXECUTOR OF THE ESTATE OF WALTER DE WITT HINDS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49860. Promulgated March 20, 1935.

*William E. Hayes*, *C. P. A.*, for the petitioners.
*J. R. Johnston*, *Esq.*, for the respondent.

OPINION.

SMITH: The petitioners seek a redetermination of a deficiency in estate tax of $14,270.06. The petitioners allege that the respondent has erred in the determination of the deficiency by including in the gross estate $234,366.93 representing one half of the value of a trust fund created by the decedent on September 3, 1925, and supplemented on October 1, 1925, by the addition of other property.

By an amended answer the respondent—

* * * avers that the full value of the corpus of the trust executed by the decedent on September 3, 1925, as supplemented by the indenture of October 1, 1925, one-half of the corpus of which was included in the decedent's gross estate in determining the deficiency set forth in the deficiency notice, is subject to be included in the value of the decedent's gross estate, pursuant to the provisions of the Revenue Act of 1926, as property of the decedent at the time of his death, and/or as property of which the decedent had made a transfer in contemplation of and/or intended to take effect in possession or enjoyment at or after his death; that by the indenture of October 1, 1925, additional property was conveyed to and made a part of the corpus of the trust of September 3, 1925; and that the corpus of said trust of September 3, 1925, possessed a total value, as of the date of the decedent's death, of $468,733.86.

The respondent prays for an increase in the deficiency determined.

Walter De Witt Hinds, the decedent whose estate is involved in this proceeding, was 49 years of age on September 3, 1925. His expectation of life at that time, computed in accordance with the American Tables of Mortality without considering other factors, if any, was 21.63 years. His wife, Frances A. Hinds, was 29 years of age and her expectation of life computed in accordance with the American Tables of Mortality, without considering other factors, if any, was 36.03 years. On September 3, 1925, Walter De Witt Hinds created an irrevocable trust by a certain deed. The grantor delivered the trust deed and the subject matter of the trust securities to the trustee, Fidelity Trust Co., Portland, Maine, on or about September 3, 1925, at which time the trust was accepted by the trustee, and the trust has been administered by the trustee in accordance with the trust since the execution of the deed.

Under date of October 1, 1925, by a supplemental indenture of trust, Walter De Witt Hinds transferred certain additional securities to the trust created on September 3, 1925.

Under the terms of the trust deed the income from the trust property was to be paid equally to the grantor and his wife for a period of 20 years, at the end of which time the trust was to be terminated and the corpus distributed equally between the grantor and

his wife. If either the grantor or his wife died during the trust period, the income of the trust fund was to be paid to the survivor during the balance of the trust period, at the expiration of which the corpus was to be paid to such survivor; if, however, the survivor did not live to the end of the 20-year period, the entire corpus, together with any undistributed income in the hands of the trustee, was to be paid over to the survivor's executor or administrator.

On the morning of January 3, 1928, the decedent, the grantor of the trust, was found dead in his home. He left a last will and testament which was admitted to probate and duly probated by the Probate Court at Holton, Maine.

On February 21, 1928, the executor and executrix, W. Washburn Hinds and Frances A. Krause, respectively, qualified as such and on December 29, 1928, filed with the collector of internal revenue for the district of Maine a Federal estate tax return reporting a net estate of $460,370.27. Nothing was included in the return filed by the executors representing the value as of date of death of any interest in the trust estate passing from the decedent at his death.

In the determination of the deficiency the respondent found that the total value of the trust estate as of the date of the death of the decedent was $468,733.87, one half of which, or $234,366.93, he included in the gross estate in the determination of the deficiency.

It is stipulated:

* * * that the value as at January 3, 1928, the date of the death of the decedent, and as at any other date or dates found material to this controversy of any property or interest herein involved may be determined in accordance with the particular table of experience applicable thereto known as the Actuaries or Combined Experience Table of Mortality, published on pages 22 and 23 of Regulations 70, relating to Estate Tax.

The petitioners contend in this proceeding that the trust fund was not created in contemplation of death and that the only interest which was retained by the grantor up to the transfer and which passed at his death on January 3, 1928, was:

* * * a reversionary interest in a one-half interest in the corpus of the estate, subject to a precedent estate for years terminating on September 3, 1945. * * * that the present value of that future interest as at January 3, 1928, was no more than $114,690.07 (49.3628% of $234,366.93) computed in accordance with Table B published on page 23 of Regulations 70 (1929 Edition), using the "number nearest" the "certain number of years" possession is postponed.

The petitioners submit that the following alienable estates were created by the trust of September 3, 1925:

(1) An estate for 20 years.
(2) A remainder over in fee after 20 years in one half of the corpus to Frances.
(3) A reversion in fee after 20 years in the grantor,

They further submit:

Under the law of trusts a trustee takes no greater estate than is necessary for him to perform his duties as trustee. Thus, there was conveyed to the trustee by a valid gift *inter vivos* an estate for 20 years with a remainder over as to a one-half interest in the corpus to Frances, leaving a reversion as to the residue, i. e., the other half interest, in the corpus to the grantor after the expiration of the 20-year estate. The reversion vested by operation of law which differs from the remainder in that it was expressly created by deed. The deed provided that in the event Frances should die before the expiration of said 20 years from date thereof, leaving the grantor surviving at the expiration of said 20 years, then the said trustee was to pay over to such survivor the whole of the principal of said trust fund remaining in his hands.

The Federal estate tax is imposed " upon the transfer of the net estate of every decedent dying after the enactment of this Act." Sec. 301 (a), Revenue Act of 1926. Section 302 of that act provides:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

The reason stated by the respondent in his deficiency notice upon which this proceeding is based for including in the gross estate one half of the total value of the trust property as at the date of the death of the decedent is in part as follows:

Article 18 of Treasury Department Regulations 70, as amended by T. D. 4285, provides in part:

" Where the decedent reserved only a portion of the income, only a corresponding proportion of the value of the property should be included in the gross estate. Thus, for example, if the reservation was one-half of the income then one-half of the value of the transferred property should be included."

It is evident from the language of the trust instrument that the decedent's interest to one-half of the trust would not and could not pass to his wife until after his death. The value of the one-half interest of said trust is, therefore, taxable under the provisions of the law and regulations referred to above.

We shall first consider the contention raised by the respondent in his amended answer that the entire value of the trust property should be included in the gross estate of the decedent. This argument proceeds upon the theory that no " vested remainder " was fixed by the creation of the trust. In his brief the respondent submits the following:

The trust instrument in the present controversy was irrevocable. The following possibilities pertinent here arise from its terms:

1. Equal shares of one-half of the entire trust property should be distributed to the grantor and his wife, *if each be living at the expiration of 20 years* from the date of creation of the trust. \* \* \*

2. *If either the grantor or his wife* die before the expiration of the 20 year period, and the survivor is living at the expiration of that period, the trustee should turn over the trust in its entirety to such survivor. * * *

3. If both the grantor and his wife should die before the expiration of the 20 year period, then upon the death of the survivor of them the trustee should pay over the trust in its entirety to the administrator or executor of such survivor. * * *

Discussing these possible interests in the order shown, under 1, it is clear that prior to decedent's death " no present interest passed to a *certain and definite person*", to be enjoyed in futuro. Equally patent is the fact that no vested interest in any part of the corpus passed to any other person prior to the death of the grantor. Measured by the test uniformly applied by the Supreme Court and adopted by the lower Federal Courts, the facts under 1 above establish that no more than a contingent remainder was created by the provisions of the trust instrument referred to above in 1.

We cannot agree with the respondent's contention that "no vested remainder" was fixed by the creation of the trust. In *Elizabeth B. Wallace, Executrix*, 27 B. T. A. 902; affirmed in *Commissioner* v. *Wallace*, 71 Fed. (2d) 1002, we discussed at some length the difference between vested and contingent remainders. We there quoted from *Doe* v. *Considine*, 6 Wall. 458, as follows: " A contingent remainder is where the estate in remainder is limited either to a dubious and uncertain person, or upon the happening of a dubious and uncertain event."

When the decedent on September 3, 1925, created the trust estate involved herein the decedent's wife, Frances A. Hinds, was in being. Under the deed of trust she received a right to receive one half of the income of the trust estate during the trust period of 20 years and a right to receive one half of the corpus upon the dissolution of the trust at the end of the 20-year period. This was a gift *inter vivos*. There was no contingency about it.

Furthermore, there is no evidence that the trust fund was created in contemplation of death. The language used by the Supreme Court in *May* v. *Heiner*, 281 U. S. 238, " The transfer of October 1, 1917, was not made in contemplation of death within the legal significance of those words. It was not testamentary in character and was beyond recall by the decedent ", is equally applicable to the situation which obtains here, so far as the right to one half of the trust estate is concerned. By the deed of trust such one-half interest passed irrevocably to Frances A. Hinds.

The fact that the decedent, the grantor of the trust, might have received the income of the trust estate and the entire corpus if his wife had died prior to the expiration of the 20-year term of the trust and prior to the decease of the grantor of the trust in no wise made Frances A. Hind's interest in the trust estate contingent. See *Helvering* v. *St. Louis Union Trust Co.*, 75 Fed. (2d) 416, affirming 28 B. T. A. 107.

The petitioners do not deny that there was a transfer of some interest in the trust fund which arose from the death of the decedent. They contend, however, that the present value of that future interest as at January 3, 1928, the date of the death of the decedent, was no more than $114,690.07, which represented the claimed value then of a reversionary interest in a one-half interest in the corpus of the estate subject to a precedent estate for years terminated on September 3, 1945. This contention is not sustained.

Manifestly, by the deed of trust of September 3, 1925, and the supplement thereto of October 1, 1925, a one-half interest in the trust estate passed to Frances A. Hinds. A like one-half interest in both the income and the corpus remained in the decedent, the creator of the trust. Up to the date of the death of the decedent on January 3, 1928, the interests of the decedent and of Frances A. Hinds in the trust estate were precisely equal.

In *Y. M. C. A. of Columbus, Ohio* v. *Davis*, 264 U. S. 47, 50, it was stated: "What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death." Since the decedent up to the date of his death had a one-half interest in both the income and the corpus of the trust estate and since that interest ceased upon his death, it necessarily follows that the value of that interest, whatever it may be, is includable in the gross estate. This was the position taken by the respondent in the determination of the deficiency, and that position is sustained.

The petitioner's contention that the situation here is the same as that which obtained in *May* v. *Heiner*, *supra*, is not sustained. The facts in that case were that the grantor, Mrs. May, transferred property in trust, the income therefrom to be paid to her husband during his life and upon his death to her for her life; upon her death the trust was to terminate and the property was to be distributed equally among her four children. The Supreme Court said at page 243:

The record fails clearly to disclose whether or no Mrs. May survived her husband. Apparently she did not. But this is not of special importance, since the refund should have been allowed in either event.
* * * The interest therein which she possessed immediately prior to her death was obliterated by that event.

The petitioners' argument that the decedent had an interest in the income of the trust fund only up to the date of his death on January 3, 1928, is not sustained. He had an interest in one half of the trust estate to September 3, 1945. Upon his death that interest passed to his widow, Frances A. Hinds.

The petitioners have stipulated that:

* * * The value as at January 3, 1928, the date of the death of the decedent, and as at any other date or dates found material to this controversy

of any property or interest herein involved may be determined in accordance with the particular table of experience applicable thereto known as the Actuaries or Combined Experience Table of Mortality, published on pages 22 and 23 of Regulations 70, relating to Estate Tax.

The decedent's one-half interest in the trust estate includable in the gross estate of the decedent will be determined in accordance with that stipulation.

*Judgment will be entered under Rule 50.*