CHARLES J. HEPBURN, EXECUTOR OF THE ESTATE OF MARY MORTON, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82242. Promulgated March 15, 1938.

*Wm. Barclay Lex, Esq.*, for the petitioner.
*E. G. Smith, Esq.*, for the respondent.

460

462

464

LEECH: The Revenue Act of 1926, section 302 (f), provides, for purposes herein material, as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*       \*       \*       \*       \*       \*       \*

(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will  \*  \*  \*.

Our sole inquiry is to decide whether the property, the value of which was thus included in the gross estate of petitioner's decedent for estate tax purposes was "property passing under a general power of appointment exercised by the decedent (1) by will  \*  \*  \*."

The Supreme Court, in *Helvering* v. *Grinnell*, 294 U. S. 153, in passing on this section, said:

\*  \*  \*  Analysis of this clause discloses three distinct requisites: (1) The existence of a general power of appointment; (2) an exercise of that power by the decedent by will and (3) the passing of the property in virtue of such exercise.  \*  \*  \*

Since, whatever power the decedent possessed was exercised by her will and the disputed property passed by virtue of the exercise of such power, our only question is to determine whether or not petitioner's decedent possessed under the will of her father, Levi P. Morton, a general power of appointment, by will, of the contested property.

A power of appointment is general when it is exercisable in favor of any person the donee may select and special or limited when it is exercisable only in favor of a person or class of persons designated in the instrument granting the power. *Johnstone* v. *Commissioner*, 76 Fed. (2d) 55, affirming 29 B. T. A. 957. The respondent contends that the petitioner's decedent had a general power of appointment under the will of her father, Levi P. Morton, arising from the following provision of the will:

* * * I authorize each of my children who may survive me by her last will and testament to give, dispose of and distribute one-half of her share of said residue, of which half the amount, if any, so disposed of for the benefit of her husband shall be deemed a part, to and among such person or persons, including such husband, and in such proportions as she shall by her said last will and testament designate and appoint, but the power hereby given and created shall extend only to such child's original share in my residuary estate and not to any addition to or accretion thereof from the distribution of any other share in my residuary estate. Such appointees may be natural persons or corporations, and such appointment of any part of said two-thirds to take effect only after my wife's death * * *.

Undoubtedly, if that provision were read alone, the position of the respondent would be sound. It may be said further that unless the intention of the testator to limit the power there defined to a special power is established, the power must be construed as general. *Thompson* v. *Garwood*, 3 Wharton, 287. However, the intention of the testator, Levi P. Morton, which is controlling, is to be ascertained, not from any part of his testament but from the whole instrument considered as an entity. *Travers* v. *Reinhardt*, 205 U. S. 423; *Mississippi Valley Trust Co. et al., Executors*, 28 B. T. A. 387; affd., 72 Fed. (2d) 197; certiorari denied, 293 U. S. 604. And, when so considered, other provisions of the will become pertinent. Thus, it is later provided that:

* * * I also direct that the power of appointment herein given to my said daughters over one-half of her original share of my residuary estate, including as part thereof, if she shall so by will direct the continuance of the trust during the life or until the re-marriage of a husband over not exceeding one-third of her original share, shall be subject to the approval in writing of my said individual trustees or such of them as shall accept the trust, or the survivors or survivor of them, such approval to be indicated by endorsement on any such will, signed by such individual trustees or the survivors or survivor of them, or by separate paper approving a particular testamentary disposition or dispositions made or to be made by either of my said daughters. * * *

Respondent argues that, in no event does this paragraph indicate a purpose to limit the general power of appointment granted in the earlier paragraph because petitioner's decedent was never married and the provision for approval of the individual trustees was meant to apply only "if she shall so by will direct the continuance of the trust during the life or until the re-marriage of a husband over not

exceeding one-third of her original share." We disagree. The quoted clause, upon which respondent bases his argument, affects not the necessity of the approval of the individual trustees in any exercise of the power given by the testator but only describes certain property over which the power to appoint shall conditionally exist.

But respondent then says, in effect, that the approval of the individual trustees in the exercise of the power was intended by the testator, Levi P. Morton, to be a mere perfunctory, administrative act. Cf. *Proctor Patterson et al., Executors*, 34 B. T. A. 689; appeals dismissed, 90 Fed. (2d) 1009, 1016. The record unquestionably contradicts that statement. See *Farmers' Loan & Trust Co.* v. *Bowers*, 29 Fed. (2d) 14; *Security First National Bank of Los Angeles et al., Executors*, 28 B. T. A. 289.

The will of Levi P. Morton is replete with provisions clearly indicating his desire that his property, after his death, should, so far as it was within his power, remain within his own family. The investment and reinvestment of the share of petitioner's decedent and her sisters in their father's estate could be made only with the approval of the individual trustees. The sale and leasing of property included as part of those shares was subject to the same approval. The use to which funds applicable to the petitioner's decedent and her sisters under her father's will, could be put, was determinable only with the approval of those trustees. The testamentary expression is not only mandatory that the exercise of the power "shall be subject to the approval * * * of my said individual trustees * * *" but it provides that such approval shall be evidenced in the formal and specific manner of a writing signed by such trustees. That the approval of the individual trustees, who occupied the position of personal representatives of the testator, Levi P. Morton, was recognized as a substantial and actually necessary requisite in the exercise of the power by petitioner's decedent and those trustees alike, significantly and repeatedly appears. See *Lowrey* v. *Hawaii*, 206 U. S. 206; *Case Manufacturing Co.* v. *Soxman*, 138 U. S. 431. In fact, so far as the record discloses, no attempt was made to exercise the power without that approval. And, if any doubt existed, as to the all-important testamentary intention as to the contested power, we think it is removed by the codicil of Levi P. Morton, dated June 14, 1911, wherein he said:

My purpose in making this change is to carry out more effectually than I could do as a citizen of New York, my general purpose to keep my estate in my own family so far as I may do so lawfully and consistently with the power which I have given my daughters to dispose by will subject to the approval of the co-trustees named in or appointed conformably to my will, of one-half of their original shares in my residuary estate.

The Federal estate tax is an excise tax imposed not upon the property of the decedent but upon the transmission of that property by

decedent. *Ithaca Trust Co.* v. *United States*, 279 U. S. 151; *Y. M. C. A. of Columbus, Ohio* v. *Davis*, 264 U. S. 47. Thus, as stated by the Circuit Court of Appeals in the case of *Fidelity-Philadelphia Trust Co.* v. *McCaughn*, 34 Fed. (2d) 600:

* * * A logical explanation of the inclusion of property passing under general powers of appointment and the exclusion of property passing under special powers is that where the original testator has limited the right to appoint to certain named beneficiaries or to a limited class of beneficiaries, it is he and not the donee of the power who in the broadest sense transmits the property to the beneficiaries. The donee's exercise of such narrow and limited powers may be taken rather as a mere stage in the original scheme of inheritance than as an independent source of descent. In such case, it is really the death of the original testator which may reasonably be taken as the transmission of the property for the purpose of taxation. Where, however, the donee has full power to direct the property to any beneficiary that he pleases, there is in a real sense a transmission of it from him rather than from the original testator. The important thing is the latitude of the donee's power of disposition rather than the quantum of the interest which he may dispose of or the time of its vesting. * * *

Thus, an absolute and unconditional power to revoke a trust is equivalent to a general power to appoint. *Bullen* v. *Wisconsin*, 240 U. S. 625. But a power to revoke is not absolute where it requires the joinder or consent of the trustees or a majority of them. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Farmers' Loan & Trust Co.* v. *Bowers, supra.*

Since the period at which the limitation of the power must be construed is the time of its exercise (*Johnstone* v. *Commissioner, supra;* 1 Sugden on Powers, 495), the exercise of the presently contested power, by which the disputed property actually did pass, was possible *when thus exercised, only,* in favor of those and in the amounts as then formally approved in accordance with the provisions of the Levi P. Morton will. Obviously that was not the exercise of a general power of appointment by decedent. Whatever else it may have done, the condition making the disputed power of appointment "subject to the approval in writing of my said individual trustees * * *" limited the petitioner's decedent, in the exercise of that power, at any time, to those, corporate or otherwise, then having the formal approval of the trustees. That limitation of those in favor of whom the power can be exercised effectively distinguishes the cases of *Johnstone* v. *Commissioner, supra,* and *J. Gilmore Fletcher, Executor*, 29 B. T. A. 503, upon which the respondent relies.

The conclusion follows that the property, the value of which supports the pending deficiency, was not "property passing under a general power of appointment exercised by the decedent * * * by will * * *." Revenue Act of 1926, sec. 302 (f).

*Decision will be entered under Rule 50.*