## LOUISE G. HILL, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80483.    Promulgated April 27, 1938.

*C. F. Stanton, Esq.*, for the petitioner.
*Harold F. Noneman, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: This proceeding was brought to redetermine a deficiency in the income tax of the petitioner for the year 1931 in the sum of $1,311.53.

The sole issue is the deductibility of interest amounting to $22,781.02, paid by the trustee of a revocable trust created by the petitioner on account of the delinquent payment of a succession tax of $19,238.02 paid by the trustee to the Registrar of the Supreme Court of British Columbia.

The facts were stipulated substantially as follows:

Arthur Hill, husband of the petitioner, died on December 6, 1909, leaving a last will and testament dated June 14, 1904. He was a resident of Saginaw, Michigan, at the date of his death and his will was admitted to probate in Saginaw County. By the terms of the will, Gilbert M. Stark was named as one of the executors and the petitioner, Louise G. Hill, was named as residuary legatee and sole beneficiary.

One of the assets owned by Arthur Hill at the date of his death was an undivided one-half interest in a partnership doing business as Arthur Hill & Co. The partnership assets consisted, among other things, of interests in timber leases and licenses on Vancouver Island in the Province of British Columbia.

Upon the death of Arthur Hill, the partnership was dissolved and the one-half interest of the decedent in the partnership was, on January 19, 1911, assigned to Louise G. Hill, the estate closed on that date, and the executors discharged.

The executors of the estate of Arthur Hill had apparently been advised by counsel that no succession tax was due on the timber leases and licenses to the Province of British Columbia and, accordingly, no administration was ever had in that province.

During the year 1920, and after the assignment to Louise G. Hill of her interest in the timber leases and licenses, the Great Central Timber Co. was incorporated under the laws of Delaware and the owners of the timber licenses, including Louise G. Hill, transferred their interests therein to the corporation in exchange for stock. During the year 1927 a sale of the timber leases and licenses was made by the Great Central Timber Co. to Bloedel, Stewart & Welsh, Ltd., a Canadian corporation. At the time of the sale, advice of counsel whether the British Columbia succession tax was due or payable was sought, and upon receiving advice that no succession tax was due, the sale was consummated.

In the year 1930 the question of succession taxes on the timber leases and licenses again arose and the matter was further investigated by solicitors in Canada. Louise G. Hill was then advised that it was necessary to pay a succession tax upon such timber leases and licenses, and she was further advised by her attorneys that she was liable for the tax.

Attorneys were employed for the purpose of presenting the matter to the Supreme Court of British Columbia for the determination of such tax in accordance with the provisions of the Succession Duty Act. On August 6, 1931, an order was entered directing Gilbert M. Stark, as surviving executor of the said will of Arthur Hill, or Louise G. Hill, residuary legatee, to pay on or before the 30th day of September 1931 to the Registrar of the Supreme Court of British Columbia the sum of $19,238.02, together with interest thereon at the rate of 6 percent per annum from the 6th day of December 1911 to the date of payment, this being the succession duty payable in respect to the interest of Arthur Hill in the timber leases and licenses owned by Arthur G. Hill & Co.

The taxpayer made her return on a cash receipts and disbursements basis.

On October 2, 1925, Louise G. Hill created a voluntary revocable trust, naming the Detroit Trust Co. as trustee, and conveyed to the said trustee all of her stock in the Great Central Timber Co. During the year 1931 the trustee paid, in accordance with the terms of the order entered by the Supreme Court of British Columbia, a succession tax in the amount of $19,238.02 and interest thereon in the amount

of $22,781.02. The interest paid by the trustee was deducted from the amount of income received by the trust and the balance distributed to the petitioner, Louise G. Hill.

The Commissioner of Internal Revenue, in auditing the fiduciary return filed by the Detroit Trust Co. as trustee for Louise G. Hill, disallowed the deduction for interest and, in the individual income tax return of Louise G. Hill, increased her income by the amount of interest, to wit, $22,781.02.

The petitioner contends that the succession tax paid by her to British Columbia was primarily her obligation and that, therefore, the interest thereon was deductible under section 23 (b) of the Revenue Act of 1928.[1] She concedes that the tax itself is not deductible by her under the restrictive provision of section 23 (c) of that act.[2]

The respondent's position is that the interest was not the liability of an obligor, but at most was that of a transferee by reason of having received the property from which the tax should have been paid.

The distinction between an estate tax and a succession tax is that the former is a tax upon the right to transfer, while the latter is a tax upon the right to receive property by devise or inheritance. Bouvier's Law Dictionary, 3d Ed., vol. 3, p. 3176; Words and Phrases, 1st Series, vol. 7, p. 6747. The succession tax is personal to the recipient of property. It is not a property tax. See 61 C. J. 1595, *et seq.* "Succession duty is a tax placed on the gratuitious acquisition of property which passes on the death of any person * * *." *Knowlton* v. *Moore*, 178 U. S. 41, quoting Hanson's Death Duties. If the tax paid by the petitioner to British Columbia was a succession tax, it was her own liability and the interest thereon was deductible as being interest on her own indebtedness. It, therefore, becomes necessary to examine the circumstances and the law under which the payment was made.

The operation of the statute here, allowing deductions for "interest paid * * * on indebtedness", is not in terms dependent upon the characterization of the quoted phrase by foreign statutes and decisions. *Biddle* v. *Commissioner*, 302 U. S. 573. The question of whether under our statutes a deduction is allowable by reason of an imposition by a foreign statute must be decided by

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(b) *Interest.*—All interest paid or accrued within the taxable year on indebtedness * * *.

[2] (c) *Taxes generally.*—Taxes paid or accrued within the taxable year, except—

* * * * * * *

For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate.

an ascertainment of the manner in which the foreign tax is levied and collected, and whether the act of the taxpayer thereunder results in the substantial equivalent of what our statute recognizes as a deduction.

From our consideration of the statutes of British Columbia it is our opinion that they impose a succession tax which was a primary obligation of the recipient of the property. The British Columbia statute is called the "Succession Duty Act." It imposes a graduated tax measured by the degree of relationship between the decedent and his beneficiaries. It directs that "the duties imposed * * * shall be deducted from the share of each person entitled to share in the estate." R. S. 1924, c. 244. Compare this with our Federal estate tax, of which it has been said, "What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death." *Y. M. C. A.* v. *Davis*, 264 U. S. 47. The British Columbia statute further directs that "every person by whom any duty * * * is payable shall be personally liable therefor." Sec. 10 (3). By section 27 executors are directed to deduct the duty from the decedent's property "or collect the duty from the person liable therefor" and an executor is prohibited from delivery of property to a legatee "until the duty has been so deducted or collected." This résumé of the statute demonstrates that in a very real sense the duty is a succession tax for which the legatee or devisee is personally liable.

It appears from British Columbia cases cited to us that the 1924 statute quoted above, under which the succession tax was collected, was later declared invalid on the ground of violating a provision of the British North American Act of 1867 which permitted the levying of direct taxes, whereas the 1924 Act imposed a liability on the executor. This defect, however, was cured by later enactments known as the Succession Duty Act of 1934 [3] and L. 1935, ch. 72, § 9 (1), which, as we read them, had the effect of validating taxes and interest previously paid and preventing a refund of any payments theretofore made.

We construe these provisions to mean that the succession duty upon the property of anyone dying after April 11, 1894, and before the passage of the act, if not already paid, shall be paid under the appro-

---

[3] SEC. 50. (1) This Act shall be retroactive, and shall apply in respect of persons who have died since the eleventh day of April, 1894, as well as in respect of persons who die after the commencement of this Act, * * *

* * * * * * *

(2) * * * Every person liable for the payment of duty in respect of property passing on the death of any person who died prior to the twenty-nineth (*sic*) day of March, 1934, shall pay interest on the duty from the same date interest would have been payable from had this Act been in force at the date of the death of the person in respect of whose estate the duty is payable.

priate rates of any prior act, with due credit for partial payments, and if full payment of the duty has been made, it shall not be required again. They likewise fixed the requirement of interest.

Section 23 (c) of the Revenue Act of 1928 specifically and "for the purposes of this subsection" allows all state, inheritance, legacy and succession taxes as a deduction *only* to the estate. The petitioner thus can not be allowed, nor does she claim, the payment of the sum of $19,238.02 as a deduction, even though under the local law the succession tax was her personal liability. Section 23 (b), however, permits her to deduct interest on her indebtedness. The succession duty paid by her to British Columbia was her personal liability and interest paid on the same is accordingly deductible. Though the question presented differed, the reasoning underlying our decision in *Charles F. Fawsett*, 30 B. T. A. 908, supports the above conclusion.

*Decision will be entered under Rule 50.*